MARY E. SYDNEY, *a feme sole, Appellant,* v. AUBURNDALE CONSTRUCTION CORPORATION, a Florida Corporation, ZETA L. BRISTOL AND O. M. BRISTOL, Her Husband, *Appellees.*

Division B.

Opinion filed December 5, 1928.

Petition for rehearing denied January 15, 1929.

*Burdine, Terry & Fleming,* and *L. L. Robinson,* for Appellants;

*Olen R. Clements,* for Appellees.

TERRELL, J.—Appellant in the court below brought suit against appellees to foreclose a mortgage. There was a decree *pro confesso* and final decree entered against appellees, the final decree bearing date of December 1, 1927. On December 19, 1927, appellees filed their motion to vacate the decree *pro confesso* and set aside the final decree and for leave to file their answer to the bill of complaint. On January 24, 1928, the chancellor made his order granting the said motion. Appeal was taken from that order. In connection with the foregoing other proceedings and steps in the cause were taken but they are immaterial to a disposition of the questions raised here.

Was the chancellor within his discretion in vacating the decree *pro confesso* and setting aside the final decree?

Appellant contends that the decree of the chancellor vacating the decree *pro confesso* and setting aside the final decree not having been made within twenty days from the date of the final decree was in violation of Equity Rule 45, the pertinent part of which is as follows:

Rule 45. When the bill is taken *pro confesso,* the court may proceed to a decree at any time, and such a decree rendered shall be absolute, unless the court shall, within twenty days after rendering the decree, set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit of the defendant.

As against the contention of appellant, appellees contend that the action of the chancellor was controlled by

Sec. 4945, Compiled General Laws of Florida, 1927 (Sec. 3158, Rev. Gen. Stats. of Florida), the pertinent part of which is as follows:

"4945. (3158) When the bill in any cause is taken *pro confesso,* the court may proceed to a decree, and such decree rendered shall be absolute unless the court shall set aside the same or enlarge the time for filing the answer for cause shown upon motion and affidavit of the defendant, made and filed within twenty days after the entry of the final decree."

In fine, the appellant contends that by the terms of Equity Rule 45 the motion to vacte the decree *pro confesso* and set aside the final decree must be made and disposed of by the chancellor within twenty days unless additional time is allowed, while appellees contend that by the terms of Sec. 4945, Compiled General Laws of Florida, the motion to vacate the decree *pro confesso* and set aside the final decree must be made and filed within twenty days but that it may be disposed of within a reasonable time before or after the lapse of the twenty days in the discretion of the chancellor.

In its inception the question of setting aside a decree *pro confesso* is addressed to the sound discretion of the chancellor to be exercised according to the circumstances of each particular case. Sutton v. Zewadski, 60 Fla. 379, 70 So. R. 433; Strickland v. Jewel, 80 Fla. 221, 85 So. R. 670.

The record here discloses that the motion to vacate the decree *pro confesso* and set aside the final decree was made within the twenty-day period, that while it was not disposed of in the twenty days it was disposed of within a reasonable time beyond the twenty days and that on its face it purports both diligence and a meritorious defense.

The Legislature has no power to prescribe rules regulating the conduct of the court's business or other matters within the inherent power of the court to regulate. Webber v. Blanc, 39 Fla. 224, 22 So. R. 655; Bryan et al., v. State, 94 Fla. 909, 114 So. R. 773. We do not think that Sec. 4945, Compiled General Laws of Florida, infringes on this rule but on the other hand it deals with a question subject to legislative regulation.

The motion to vacate the decree *pro confesso* and set aside the final decree was made and disposed of in conformity to law, so the decree of the chancellor is affirmed. Encyclopedia of Pleading and Practice, Vol. 18, p. 1239, Sec. 4682, Compiled General Laws of Florida. (Sec. 2955, Rev. Gen. Stats. of Florida.)

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.