BOARDMAN, Judge.
The appellant, Paul Eugene Owens, was charged in a one count indictment with the commission of the crime of rape of a female under eleven years of age, a capital felony under Section 794.01, Florida Statutes, F.S.A. He entered a plea of guilty at his arraignment hearing. After the trial judge determined that his plea of guilty was intelligently, knowingly and understandingly entered, he was adjudged guilty as charged. Accordingly, he was sentenced to a term of imprisonment in the state penitentiary for the remainder of his natural life and allowed credit for time spent in jail awaiting trial. This timely appeal followed the judgment and sentence.
Appellant’s sole point raised on appeal attacks for the first time the 25-year minimum sentence set forth in Section 775.-082(1), Florida Statutes, F.S.A., which statute provides:
(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than twenty-five (25) calendar years before becoming eligible for parole. . . .
It is the contention of appellant that the Legislative enactment requiring him to serve no less than 25 years before becoming eligible for parole is an impermissible usurpation upon the powers and prerogatives of the Executive Branch of government, to wit: the Parole and Probation Commission of Florida.
We cannot agree. Article 4, § 8(c) of the Constitution of Florida, F.S.A., authorizes the creation by law of a parole and probation commission. The Legislature, pursuant to this constitutional authority, *694 created and established the Parole and Probation Commission. See Chapters 947 and 948, Florida Statutes, F.S.A. According to Chapter 947, F.S.A., supra:
. . . Every person . . . shall, unless otherwise provided by law, be eligible for consideration by the commission for parole. . . .
(Section 947.16(1), Florida Statutes, 'F. S.A.; emphasis supplied).
It is clear from the constitutional and statutory authority cited immediately above that the appellant’s attack leveled at the statute, supra, is not well founded.
The Legislature is vested with the discretionary power to prescribe reasonable penalties and sanctions upon persons convicted of criminal offenses committed in this state. If the statute which appellant was charged with violating is to be changed, it must be done by the Legislature as this court is not vested with legislative powers. We think it highly proper for the Legislature to establish standards under which the commission may act. The punishment prescribed by the Legislature in Section 775.082(1), F.S.A., supra, fits the crime of which appellant was convicted like a silk glove on a woman’s hand.
In view of the constitutional scheme as mentioned above, we believe that the appellant’s attack is upon the propriety or the advisability of the minimum sentence provision involved here, rather than upon its legality.
In light of our opinion, upholding the constitutionality of this statute, the ap-pellee’s motion is denied. The judgment and sentence is
Affirmed.
McNULTY, Acting C. J., and GRIMES, J., concur.