308 So.2d 127 (1975)
Ira JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. W-305.
District Court of Appeal of Florida, First District.
February 25, 1975.
*128 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant, over 18 years of age and having a prior felony record, was tried and convicted on two counts of aggravated assault. Without first ordering a presentence investigation, the trial judge imposed sentences to run consecutively.
Appellant urges that the trial judge erred in failing to order a presentence investigation in accordance with F.S. 921.23 which statute came into being by virtue of Chapter 74-112. Laws of Florida 1974. The pertinent portion of that statute provides as follows:
"Any court in the state having original jurisdiction of criminal actions, where the defendant in a criminal felony case has been found guilty or has entered a plea of nolo contendere or guilty shall refer, and in misdemeanor cases in its discretion may refer, the case to the parole and probation commission for investigation and recommendation. It shall be the duty of the commission to make a report in writing to the court prior to sentencing at a specified time depending upon the circumstances of the offender and the offense. * * *"
The validity of that statute is the issue now before us.
Appellant recognizes that any legislative attempt to create rules of practice or procedure would be an intrusion upon the power of the Florida Supreme Court as defined in Article V, Sec. 2(a), Florida Constitution, and, thus, in violation of the doctrine of separation of powers as set forth in Article II, Sec. 3 of that Constitution. Appellant further urges, and we agree, that the limitation upon the legislature is not applicable if the enactment is substantive rather than procedural. Appellant accordingly contends that F.S. 921.23 is substantive. The basis of his argument *129 in support of that position is that since the legislature may prescribe punishment for violation of laws, any mandatory requirement that is a prerequisite to the imposition of such penalty is substantive and not procedural. We do not agree for the reason that the Supreme Court of Florida by the promulgation and adoption of Rule 3.710 RCrP has already determined that the regulation of presentence investigation reports fall within the purview of its constitutional rule making power and is therefore procedural. That rule provides as follows:
"In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge."
Appellant relies on In Re Florida Rules of Criminal Procedure, Sup.Ct.Fla. 1972, 272 So.2d 65, where the Court, in explaining what may be considered a general test for what is encompassed by the term "practice and procedure" said:
"Practice and procedure encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. `Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof." (272 So.2d at page 66)
We have no quarrel with the above quoted language. Simply stated, the rules governing presentence investigation reports are the machinery of the judicial process but the ultimate sentence imposed is the product thereof. The decision of the Supreme Court of Florida in In Re Clarification of Florida Rules of Prac. and Pro., Sup.Ct.Fla. 1973, 281 So.2d 204, is informative. There the Court emphasized that the legislature has no constitutional authority to enact any law relating to practice and procedure, citing its prior decision in State v. Smith, Sup.Ct.Fla. 1972, 260 So.2d 489.
The rule relating to presentence investigation has been adopted by the Supreme Court: F.S. 921.23 has not. We accordingly find and hold that F.S. 921.23, insofar as it is in conflict with Rule 3.710 RCrP is unconstitutional in that it infringes upon the rule making power of the Florida Supreme Court and is therefore in clear violation of Article II, Sec. 3 of the Constitution. A rule of procedure promulgated and adopted by the Supreme Court of Florida cannot be amended nor superseded by an act of the legislature.
Accordingly, the learned trial judge was eminently correct in being guided by Rule 3.710 RCrP and in refusing to comply with F.S. 921.23.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.