312 So.2d 520 (1975)
Dallas RHYNES, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1059.
District Court of Appeal of Florida, Fourth District.
May 16, 1975.
Richard L. Jorandby, Public Defender, Martin H. Colin, Legal Intern, and Kenneth J. Serherer, Chief Appellate Division, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
On June 4, 1974, an information was filed charging appellant with unlawful possession of a firearm by a convicted felon. On July 31, 1974, appellant entered a plea of guilty as charged. The court found a factual basis for the guilty plea, adjudicated appellant guilty, and asked whether there was any legal cause why sentence should not be presently pronounced. Thereupon appellant's counsel specifically *521 requested that the court order a presentence report before sentencing appellant. The court denied appellant's request and sentenced appellant to fifteen years at hard labor in the Florida Division of Corrections. This appeal was thereupon filed. Accordingly to appellant the point involved is whether the trial court erred in failing to order a presentence investigation prior to sentencing him, in violation of the command of Florida Statute 921.23 (1974).
The pertinent portion of this statute which came into being by virtue of Chapter 74-112, Laws of Florida, 1974, provides as follows:
"Any court in the state having original jurisdiction of criminal actions, where the defendant in a criminal felony case has been found guilty or has entered a plea of nolo contendere or guilty shall refer, and in misdemeanor cases in its discretion may refer, the case to the parole and probation commission for investigation and recommendation. It shall be the duty of the commission to make a report in writing to the court prior to sentencing at a specified time depending upon the circumstances of the offender and the offense. * * *"
Appellant takes the position that the statute is mandatory and that the presentence investigation being a substantive matter said statute prevails over Rule 3.710, RCrP. Appellant contends that since the legislature may prescribe punishment for violation of laws, any prerequisite for the imposition of such penalty is substantive and not procedural. This theory is not sound for the Supreme Court of Florida by its promulgation and adoption of Rule 3.710, RCrP, has already determined that the regulation of presentence investigation reports falls within the purview of its constitutional rule making power, and such regulation is therefore procedural.
Rule 3.710, RCrP, provides as follows:
"In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge."
The recent case of Johnson v. State, Fla.App. 1975, 308 So.2d 127, held that F.S. 921.23, insofar as it is in conflict with Rule 3.710, RCrP, is unconstitutional in that it infringes upon the rule making power of the Florida Supreme Court and is therefore in clear violation of Article 2, Section 3, of the Constitution of Florida.
Appellant confuses the legislative function of prescribing penalties and the judicial function of imposing them. Therefore, any statute which interferes with the discharge of the judicial function of sentencing (see: 79 C.J.S. Sentence page 1042) is not controlling when that statute conflicts with a rule of procedure regulating sentencing. Compare: Johnson v. State, supra, with Owens v. State, Fla. App. 1974, 294 So.2d 693.
For the foregoing reasons, the adjudication of guilt and the sentence under review are affirmed.
WALDEN and DOWNEY, JJ., and SILVERTOOTH, LYNN N., Associate Judge, concur.