339 So.2d 194 (1976)
Arthur Lee HUNTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 46839.
Supreme Court of Florida.
November 4, 1976.
*195 Richard L. Jorandby, Public Defender, and Richard Lubin, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Basil S. Diamond, Asst. Atty. Gen., for appellee.
MOORE, Circuit Judge.
This cause is an appeal transferred to us from the Fourth District Court of Appeal because the trial judge directly held invalid Section 921.231, Florida Statutes (Supplement 1974). This statutory provision mandates a presentence investigation report for all felony defendants. We have jurisdiction.[1]
The appellant was charged by information with breaking and entering with intent to commit grand larceny. He was tried by a jury and found guilty. No presentence investigation was ordered although requested by defense counsel because the appellant had a record of eight felony convictions for similar offenses. Appellant contends that Section 921.231,[2] Florida Statutes (Supplement 1974), requires the trial judge to order a presentence investigation report in every felony case. The trial judge specifically ruled that Section 921.231 was not binding upon him and that Rule 3.710,[3] Florida *196 Rules of Criminal Procedure, which makes the report discretionary, is controlling. Appellant was adjudicated guilty as charged and sentenced to fifteen years imprisonment.
The main contention of the appellant is that the trial court was required by Section 921.231, Florida Statutes, to order the pre-sentence investigation.
We hold that Section 921.231, Florida Statutes, properly directs the Parole and Probation Commission to prepare pre-sentence investigation reports for use by the court. We further hold that the means to assure the informed exercise of judicial discretion in sentencing is a procedural matter properly determined by court rules. See In Re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973). Our Rule of Criminal Procedure 3.710 makes the presentence investigation optional with the trial judge in all cases where he has discretion in sentencing with the exception of a first offender and an offender under 18 years of age. That rule was predicated upon an understanding that trial judges have a superior vantage point relative to the circumstances of an offense and have information of an offender's prior criminal record readily available to them. To the extent that Section 921.231 attempts to make the presentence investigation report mandatory in all felony cases, we hold that section unconstitutionally invades the rule making province of this Court. We do not, however, declare the statute unconstitutional in its entirety but hold that it is directory only.
The trial judge's refusal to order a presentence investigation report did not prejudice the appellant, it appearing that he had sufficient knowledge of the appellant's personal history including a record of eight prior criminal felony convictions. We hold the trial judge did not err in failing to require a presentence investigation report under the circumstances of this case. Accord, Johnson v. State, 308 So.2d 127 (Fla. App. 1st 1975); Rhynes v. State, 312 So.2d 520 (Fla.App. 4th 1975).
In summary, we hold the rule and statute must be read together, but to the extent the statute mandatorily requires a presentence investigation it conflicts with the rule making power of this Court.
We have carefully considered appellant's other contentions and find them to be without merit.
The judgment of the circuit court is affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] "921.231 Pre-sentence investigation reports. 

"(1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal felony case has been found guilty or has entered a plea of nolo contendere or guilty shall refer, and in misdemeanor cases in its discretion may refer, the case to the parole and probation commission for investigation and recommendation. It shall be the duty of the commission to make a report in writing to the court prior to sentencing at a specified time depending upon the circumstances of the offender and the offense... ." Florida Statutes (Supplement 1974).
Section 921.231 was amended by Section 921.231, Florida Statutes (1975), which also requires a presentence investigation in felony cases where the defendant has been found guilty or has entered a plea of nolo contendere or guilty.
[3] "Rule 3.710 Presentence Report

"In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge."