SMITH, Acting Chief Judge.
The Department of Health and Rehabilitative Services petitions for a writ of prohibition to prevent execution of a circuit judge’s order directing that James T. Rogers, who has pleaded nolo contendere to two counts of sexual battery, be transported to Florida State Hospital at Chattahoochee for examination to determine whether Rogers is a mentally disordered sex offender. Sections 917.13, et seq., Florida Statutes (1977). The court’s order provides in relevant part:
1. The Okaloosa County Sheriff’s Office is to transport the Defendant to the State Mental Hospital in Chattahoochee, Florida.
2. The State Mental Hospital shall cause the personal examination of the Defendant by not less than two experts; one of which shall be a physician who is licensed in Florida and who has primarily diagnosed and treated mental and nervous disorders for a period of not less than five (5) years. The experts shall personally examine the Defendant to determine whether the Defendant is a mentally disordered sex offender. .
Section 917.17 provides:
(1) The court shall appoint not less than two or more than three experts to make personal examinations of the defendant. At least one expert shall be a physician who is licensed in Florida and who has primarily diagnosed and treated mental and nervous disorders for a period of not less than 5 years.
*1181 (2) The experts shall personally examine the defendant to determine whether the defendant is a mentally disordered sex offender. Each expert shall file a written report . .
And Section 917.176 provides:
The experts designated by the court shall examine the defendant where the defendant is detained. However, upon receipt of a recommendation of the experts, the court may order the defendant transferred to another place of detention, as may be designated by the experts, in a county, municipal, or privately operated hospital, clinic, or teaching hospital with psychiatric facilities for a reasonable period for observation and examination. When the defendant is so transferred, the court may require the sheriff of the county where the defendant is held to furnish sufficient personnel to guard the defendant.
While broader authority may be wished for, Chapter 917 is quite explicit in its direction that the court appoint the examining experts; that the experts examine the defendant where he is detained, in this case the Okaloosa County jail; and that the defendant may be transferred under the sheriff’s guard to a county, municipal or privately operated facility only upon recommendation and designation by the examiners. Here the respondent judge has proposed that the Okaloosa County Sheriff place Rogers in charge of Florida State Hospital at Chattahoochee, not a facility designated by Section 917.176; in effect, that the hospital take responsibility for Rogers as if he were committed; that the hospital designate the examiners; and that the experts examine Rogers at the Florida State Hospital in Chattahoochee. The order thus imposes responsibilities on the Department of Health and Rehabilitative Services which are not authorized by and are inconsistent with Chapter 917.
There is no contention in this case that the statutory strictures unconstitutionally impair procedures otherwise available to the trial court, subject to rulemaking supervision by the Supreme Court, in the determination of Rogers’ status under substantive provisions of Chapter 917. See Article II, Section 3, and Article V, Section 2, Constitution of Florida; In re Clarification of Florida Rules of Practice and Procedure, 281 So.2d 204, 205 (Fla.1973); Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975). We are obliged to hold that the respondent judge proposes to act in excess of the court’s statutory jurisdiction by asserting authority over the Department of Health and Rehabilitative Services in the proceedings contemplated by Sections 917.17 and 917.176. Contrast Hill v. State, 358 So.2d 190 (Fla. 1st DCA 1978).
The petition for writ of prohibition is GRANTED to prevent the further assertion of jurisdiction over the Department of Health and Rehabilitative Services in the pending Section 917.17 and 917.176 proceedings. The writ itself will be withheld unless issued by further order.
ERVIN and BOOTH, JJ., concur.