407 So.2d 1020 (1981)
MILITARY PARK FIRE CONTROL TAX DISTRICT NO. 4, Appellant,
v.
David DeMAROIS, Daniel Kraemer, and Military Park Professional Fire Fighters Union, Local 2741, Iaff, Appellees.
No. 81-195.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
Ronald Sales of Sales & Weissman, and Edna L. Caruso, West Palm Beach, for appellant.
Edward F. O'Connor of O'Connor, Baylor, Callas & Elliott, Palm Beach Gardens, for appellee David DeMarois.
Steven Bloom of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro, P.A., and Joseph C. Segor, Miami, for appellees Kraemer and Military Park Professional Fire Fighters Union, Local 2741, I.A.F.F.

ON MOTION TO EXPEDITE
PER CURIAM.
Appellee, DeMarois, has filed a motion to expedite appeal under Section 447.504(5), Florida Statutes (1979) which provides:

*1021 Appeals filed under this part shall be heard expeditiously by the district court of appeal to which presented and shall take precedence over all other civil matters except prior matters of the same character.
We are concerned that this statute attempts to create a procedural rule for appellate courts in violation of Florida Constitutional and case law.
Matters of practice and procedure in state courts are solely the province of the Supreme Court. Art. V, § 2, Fla. Const. Powers constitutionally bestowed upon the courts may not be exercised by the legislature. Art. II, § 3, Fla. Const. Thus it has been held that a statute which purports to create or modify a procedural rule of court is constitutionally infirm. Sydney v. Auburndale Const. Corp., 96 Fla. 688, 119 So. 128 (1928); Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975), aff'd., 346 So.2d 66 (Fla. 1977); Markert v. Johnston, 367 So.2d 1003 (Fla. 1978).
A rule of procedure prescribes the method or order by which a party enforces substantive rights or obtains redress for their invasion. Substantive law creates those rights. Practice and procedure are the machinery of the judicial process as opposed to the product thereof. Johnson v. State, supra. There can be no doubt that a rule creating priorities among types of civil matters being processed by the state courts is procedural rather than substantive.
We therefore declare Section 447.504(5), Florida Statutes (1979) unconstitutional.
The motion to expedite is denied.
DOWNEY, ANSTEAD and HERSEY, JJ., concur.