495 So.2d 924 (1986)
Lisa Ann KENNARD, Appellant,
v.
Margaret FORCHT, As Personal Representative of the Estate of John Forcht, Deceased, Appellee.
No. 4-86-0057.
District Court of Appeal of Florida, Fourth District.
October 15, 1986.
Alan W. Kaback, Coral Springs, for appellant.
John R. Hargrove and Gerald M. Morris of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Fort Lauderdale, for appellee.
ANSTEAD, Judge.
This appeal raises a number of questions relating to the proper procedure for making and accepting an offer of judgment under Florida Rule of Civil Procedure 1.442.
Appellant Lisa Ann Kennard was the plaintiff below in a suit for personal injuries incurred as the result of an automobile accident. Appellee Margaret Forcht, as personal representative of the estate of John Forcht, was the defendant. On March 29, 1985, shortly before trial, the defendant served by mail an offer of judgment for $5,001.00, pursuant to Rule 1.442, which provides:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his *925 offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to the dissolution of marriage, alimony, nonsupport or child custody.
The plaintiff received the offer on April 1, but initially did not act on it. The cause proceeded to trial as scheduled on April 10. On April 11, after both parties had presented their case and while the jury was deliberating, the plaintiff attempted to accept the offer of judgment in open court. The court declined to permit the settlement, finding that the offer was not made within ten days prior to the start of the trial and therefore was not a valid offer of judgment under Rule 1.442. The jury subsequently returned with a verdict of $400.00 damages. The trial court found the offer to be invalid under Rule 1.442 because it was "made" (the court's word) less than ten days before trial on April 10. Implicit in the court's order was a finding that an offer of judgment made later than the time provided for in the rule is void and cannot be accepted at any time thereafter. While we do not necessarily disagree with the trial court's conclusion, we choose to affirm on the alternative basis that under no circumstances does the rule permit a party to accept an offer of judgment once trial has begun.
Rule 1.442 is designed to induce a party to settle litigation and obviate the necessity of a trial. Tucker v. Shelby Mutual Insurance Co., 343 So.2d 1357, 1359 (Fla. 1st DCA 1977). In our view, the framers of the rule must have had this purpose in mind when they required both that the offer be made at least ten days before trial and that the offeree accept or reject within ten days. By adopting these parallel provisions, it appears that the drafters intended that the last "window of opportunity" for settlement be the 10 day period immediately before trial. Although there are no Florida decisions addressing the issue of when the period for acceptance of an offer expires, cases decided under the parallel Rule 68, Federal Rules of Civil Procedure, are instructive. In Staffend v. Lake Central Airlines, 47 F.R.D. 218 (N.D.Ohio 1969), the court held that the time period for accepting an offer of settlement may not be extended beyond ten days to allow the plaintiff to await the result of a motion to dismiss. The court noted that to extend the acceptance period would put the defendant at a disadvantage since the value of a settlement is likely to vary as litigation progresses. Id. at 220. Adopting similar reasoning, the court in Greenwood v. Stevenson, 88 F.R.D. 225 (D.R.I. 1980), rejected the notion that an offer remained alive once trial commenced: "[to] permit a binding offer of judgment to remain open during those critical days of trial would be to give the offeree an overwhelming tactical advantage." Id. at 228-29. In this case, the appellant, instead of acting on the offer before trial commenced (assuming that the offer was valid), waited until the trial was essentially complete and, in her view, an unsatisfactory jury verdict was imminent. We believe this was a misuse of the rule and agree that the trial judge properly declined to permit it. Similarly, we note that the trial court did not tax costs against *926 the appellant for failing to accept an offer that was not received in time to give her a full ten days before trial to consider. Such a result appears proper under the rule and fair to both sides.
While our affirmance is based on the reasoning discussed above, we would also like to indicate our concern with the ambiguity of Rule 1.442. First, if the framers of the rule intended that an offer of judgment automatically expire at the commencement of the trial, we believe it would be preferable for the rule to have stated this intent explicitly. Also, we note the lack of specificity in the rule with respect to an offer of judgment made less than ten days before trial. Ideally the rule should state whether such an offer is open to acceptance prior to the trial, or, as the lower court interpreted the rule, the offer is a nullity unless made more than ten days before trial. Finally, the parties have alerted us to questions arising from the interplay of Rule 1.442 with Rule 1.090(e), which provides an additional five days for an act to be done in response to a notice or other paper that is served by mail. Does the recipient of an offer of judgment served by mail have an additional five days in which to accept or reject the offer? Or must the offer be mailed at least fifteen days prior to trial in order to be valid? We hope that subsequent revisions of Rule 1.442 will clear up these areas of uncertainty.
AFFIRMED.
GLICKSTEIN, J., and WARNER, MARTHA C., Associate Judge, concur.