514 So.2d 71 (1987)
Tammy BRAHAM, F/K/a Tammy Williams, Appellant,
v.
Clifford CARNCROSS, Sr., D/B/a Pasco Sod Company, and Karen Klusaritz, Appellees, and
Clifford Carncross, Sr., D/B/a Pasco Sod Company, Cross-Appellant,
v.
Tammy Braham, F/K/a Tammy Williams, Cross-Appellee.
No. 87-265.
District Court of Appeal of Florida, Second District.
October 16, 1987.
*72 Harvey B. Gordon-Hardy, Orlando, for appellant/cross-appellee.
Terrence E. Kehoe of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, and John N. Bogdanoff, Daytona Beach, for appellee/cross-appellant Clifford L. Carncross, Sr.
No appearance for appellee Klusaritz.
HALL, Judge.
This is an appeal from a final judgment entered by the trial court after the jury rendered a verdict for the appellees. The appellant contends that the trial court erred in entering the judgment in favor of the appellee Clifford Carncross, Sr., d/b/a Pasco Sod Company and granting Carncross's motion to strike the appellant's acceptance of Carncross's offer of judgment, which acceptance was filed after the jury rendered its verdict. The appellee Carncross cross-appeals the trial court's denial of his request for attorney's fees pursuant to section 57.105, Florida Statutes (1986), contending that the appellant's frivolous attempt to accept the settlement offer after the conclusion of trial presented no justiciable issue of either law or fact. We find no error in the trial court's rulings and affirm the judgment in favor of the appellee Carncross.
The appellant, Tammy Braham, sued the appellees, Klusaritz and Carncross, for injuries that occurred in a pedestrian/motor vehicle accident on June 4, 1982. The trial was scheduled to begin on October 27, 1986. On October 16, 1986, the appellee Carncross served by mail an offer of judgment for $7501. The trial commenced as scheduled on October 27, 1986. The jury rendered a verdict on October 30, 1986, finding no liability on the part of the appellees. Thereafter, on October 30, 1986, the appellant executed a notice of acceptance of offer of judgment and filed it with the clerk of court, with a certificate of service on the appellee Carncross dated October 31, 1986. The appellee Carncross filed a motion to strike the notice of acceptance of offer of judgment, and the appellant moved for entry of final judgment based on the acceptance of the offer of judgment. The trial court granted the appellee's motion and entered final judgments for the appellees based on the jury verdict.
Florida Rule of Civil Procedure 1.442 provides in pertinent part:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the cost incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody.
(Footnote deleted.)
The appellant contends that rule 1.442 only requires the defendant to file an offer of judgment ten days before trial and does *73 not require acceptance by the plaintiff within that ten-day period. The appellant argues that rule 1.442 must be considered together with Florida Rule of Civil Procedure 1.090(e), which allows an additional five days to respond when a pleading or paper is served by mail. Together these rules would allow the plaintiff fifteen days to accept the offer. The appellant further points out that rule 1.442 does not require acceptance before trial, during trial, or after verdict. Therefore, the appellant argues, since her acceptance of the offer was made within fifteen days, the court erred in striking the notice of acceptance and entering judgment for the appellee Carncross.
The appellee Carncross argues that the purpose of the rule is to induce a party to settle litigation and obviate the necessity of a trial and that once the trial begins the offer is terminated.
In granting the motion to strike the trial court based its ruling on Kennard v. Forcht, 495 So.2d 924 (Fla. 4th DCA 1986). In Kennard the cause had proceeded to trial, and while the jury was deliberating the plaintiff attempted to accept the defendant's offer of judgment in open court. The trial court declined to permit the settlement, finding that the offer was not valid because it was not made within ten days prior to the start of the trial as required by rule 1.442. The Fourth District affirmed the trial court's ruling, reasoning as follows:
Rule 1.442 is designed to induce a party to settle litigation and obviate the necessity of a trial. Tucker v. Shelby Mutual Insurance Co., 343 So.2d 1357, 1359 (Fla. 1st DCA 1977). In our view, the framers of the rule must have had this purpose in mind when they required both that the offer be made at least ten days before trial and that the offeree accept or reject within ten days. By adopting these parallel provisions, it appears that the drafters intended that the last "window of opportunity" for settlement be the 10-day period immediately before trial.
495 So.2d at 925.
In the instant case it is more compelling to adopt the reasoning in Kennard because to allow the appellant to accept the offer of judgment contrary to the verdict rendered by the jury would totally defeat the ends of justice and allow a mockery of the judicial system. There is no question that the framers of rule 1.442 intended the rule to act as an inducement to settle litigation prior to trial. To allow acceptance of an offer at any time after the commencement of trial would completely thwart that objective. Furthermore, the supreme court recently stated that "the implicit requirement of rule 1.442 [is] that the offer be accepted, if at all, prior to trial." Cheek v. McGowan, 511 So.2d 977, 982 (Fla. 1987). Thus, although as recognized by the court in Kennard inconsistencies arise in the interplay between rules 1.442 and 1.090(e), it is clear that the offeree of an offer of judgment delivered by mail is not entitled to five additional days to respond if those additional days would result in the response being served after the commencement of trial.
The Cheek opinion was not issued until well after the trial of the instant cause, and therefore, at the time of the trial rules 1.442 and 1.090(e) appeared to be in conflict as applied to the facts of this cause. Consequently, we find no merit in the appellee Carncross's cross-claim for attorney's fees under section 57.105.
Affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.