PARKER, Judge.
City of Largo appeals a final judgment entered in favor of Nellie Barker. We affirm.
A recitation of the facts of this case is unnecessary. The following issue is addressed in this appeal:
WHETHER THE RECIPIENT OF AN OFFER OF JUDGMENT SERVED BY MAIL HAS AN ADDITIONAL FIVE DAYS IN WHICH TO ACCEPT OR RE *557 JECT THE OFFER, IF THOSE ADDITIONAL DAYS WOULD NOT RESULT IN THE OFFEREE’S RESPONSE BEING SERVED AFTER THE COMMENCEMENT OF TRIAL?
Florida Rule of Civil Procedure 1.442 provides in pertinent part:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment.
Further Florida Rule of Civil Procedure 1.090 provides:
Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period.
Fla.R.Civ.P. 1.090(e).
This court has held that the recipient of an offer of judgment served by mail is not entitled to five additional days to respond when those additional days would result in the offeree’s response being served after the commencement of trial. Braham v. Carncross, 514 So.2d 71 (Fla. 2d DCA 1987). There are no cases in Florida, however, which address the interaction of rules 1.442 and 1.090(e) when the additional days would not result in the offeree’s acceptance after the start of the trial.*
We conclude, after a review of the two rules, that a recipient of an offer of judgment served by mail is entitled to five additional days to accept the offer provided the additional days would not result in the acceptance being served after the commencement of trial. We believe this conclusion does not thwart the intended purpose of rule 1.442 which is to provide an inducement to settle litigation prior to trial. See Braham, 514 So.2d at 73.
AFFIRMED.
RYDER, A.C.J., and LEHAN, J., concur.

The fourth district expressed hope that subsequent revisions to rule 1.442 will clarify whether the recipient of an offer of judgment has an additional five days in which to accept the offer. Kennard v. Forcht, 495 So.2d 924, 926 (Fla. 4th DCA 1986).