687 So.2d 1363 (1997)
Louis HANZELIK, Trustee, Appellant,
v.
GROTTOLI AND HUDON INVESTMENT OF AMERICA, INC., Appellee.
No. 95-0233.
District Court of Appeal of Florida, Fourth District.
February 19, 1997.
David S. Romanik of Romanik, Lavin, Huss & Paoli, Hollywood, for appellant.
Fred Hochsztein and Joseph P. Klapholz of Ilovitch, Manella & Klapholz, P.A., Hollywood, for appellee.
SHAHOOD, Judge.
Appellant, Louis Hanzelik ("Hanzelik"), appeals from an order striking his acceptance of appellee's, Grottoli & Hudon Investment of America Inc. ("Grottoli & Hudon"), offer of judgment made pursuant to section 768.79, Florida Statutes (1993), as untimely. He also appeals from an order awarding it attorney's fees under the offer of judgment statute. *1364 We affirm the trial court's determination that his acceptance was untimely, but reverse the award of attorney's fees on grounds that the offer of judgment was not valid.
This litigation began as a declaratory action brought by Grottoli & Hudon to determine the amount of unpaid principal and interest on an outstanding mortgage loan it had received from Hanzelik. In November 1993, the parties stipulated to the entry of an agreed order reflecting the balance of the principal debt which was undisputed. The litigation continued as to the disputed amount of principal as well as the interest due on the loan.
On February 16, 1994, Grottoli & Hudon made an offer of judgment to Hanzelik, pursuant to section 768.79, Florida Statutes (1993), offering $10,001 to settle the disputed amounts. This offer was made less than thirty days prior to the start of trial. As of the date of trial, March 6, 1994, the offer had not been accepted, rejected, or revoked by Grottoli & Hudon. At the conclusion of trial on that date, the trial court orally announced that Hanzelik was estopped from claiming the additional disputed amounts as a result of his own misconduct with regard to interest charged on certain late payments.
On March 9, 1994, during the interim period between the trial court's oral pronouncement and the entry of the written final judgment, Hanzelik formally accepted Grottoli & Hudon's offer of judgment. This acceptance, although after the trial and oral ruling against Hanzelik, was made within thirty days from the date of the offer of judgment. Thereafter, Grottoli & Hudon filed a motion to strike Hanzelik's acceptance on grounds that the acceptance, made after trial, was untimely. Simultaneously, Grottoli & Hudon filed a motion for attorney's fees based upon their offer of judgment, pursuant to section 768.79.
The trial court granted both of Grottoli & Hudon's motions. It concluded that Hanzelik's acceptance, made after the commencement of trial, although within the thirty days, was untimely. The trial court also awarded Grottoli & Hudon their attorney's fees based upon their offer of judgment.
On appeal, Hanzelik maintains that the trial court erred in concluding that his acceptance was untimely. He argues that his acceptance was made within 30 days of service of the offer and that Grottoli & Hudon had never withdrawn its offer prior to his acceptance. Accordingly, he contends that pursuant to section 768.79, Florida Statutes (1993), the trial court erred in deeming such acceptance untimely.
Section 768.79, Florida Statutes (1993) provides in relevant part:
(1) ... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
. . . .
(4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service....
(5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void.
In the instant case, the trial court based its conclusion that Hanzelik's acceptance, although within thirty days of his receipt of the offer of judgment, was untimely, based upon the following interpretation of section 768.79:
I think that implicit in this statute is the understanding, or it should be that offers not timely made are deemed not accepted. And an offer of settlement which is not accepted is, is rejected.
And I think what you are going to have to imply in 768.79 is that where an offer of judgment is not withdrawn at the day of trial, not accepted at the time of trial is no more. Just disappears. Nobody wants to do anything with it.
* * * * * *
I suspect that the 30 days means 30 days or until the time of trial....
Hanzelik argues that the trial court's interpretation of section 768.79 was erroneous.
*1365 He contends that the statute should be strictly construed and therefore the offer remains open for thirty days unless withdrawn, even if trial is completed and judgment rendered in the interim. We disagree.
A trial court is generally obligated to apply a strict interpretation to substantive legislative enactments. As stated in Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-95 (1918):
The Legislature must be understood to mean what it has plainly expressed, and this excludes construction. The legislative intent being plainly expressed so that the act can be read by itself or in connection with other statutes pertaining to the same subject is clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms.... Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.
However, such rigid construction is not required in judicial interpretation of rules of procedure. See Fla. R. Civ. P. 1.010 (1996). ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every action."). As discussed infra, we conclude that those portions of section 768.79 relating to the timing of an acceptance of an offer of judgment are procedural in nature and therefore, have force of law only because these portions have been adopted by the Florida Supreme Court as Florida Rule of Civil Procedure 1.442. See Fla. R. Civ. P. 1.442 (1996); see also Dynasty Express Corp. v. Weiss, 675 So.2d 235 (Fla. 4th DCA 1996); Timmons v. Combs, 608 So.2d 1, 3 (Fla.1992) ("Because the statute does contain procedural aspects which are subject to our rule-making authority, we hereby adopt the procedural portion of section 768.79 as a rule of this Court."). Thus, we agree with the trial court's interpretation of the statutory language and its conclusion that Hanzelik's acceptance was untimely.
As stated in our state's constitution, "[t]he supreme court shall adopt rules for the practice and procedure in all courts." Art. V, § 2(a), Fla. Const. Accordingly, under the doctrine of separation of powers, the legislature is not permitted to set forth any enactment which would govern procedure in the courts of this state. As this court recognized in Military Park Fire Control Tax District No. 4 v. DeMarois, 407 So.2d 1020, 1021 (Fla. 4th DCA 1981):
Matters of practice and procedure in state courts are solely the province of the Supreme Court. Art. V, § 2, Fla. Const. Powers constitutionally bestowed upon the courts may not be exercised by the legislature. Art. II, § 3, Fla. Const. Thus it has been held that a statute which purports to create or modify a procedural rule of court is constitutionally infirm. Sydney v. Auburndale Constr. Corp., 96 Fla. 688, 119 So. 128 (1928); Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975), aff'd., 346 So.2d 66 (Fla.1977); Markert v. Johnston, 367 So.2d 1003 (Fla.1978).
In determining whether a legislative enactment is substantive or procedural, this court explained:
A rule of procedure prescribes the method or order by which a party enforces substantive rights or obtains redress for their invasion. Substantive law creates those rights. Practice and procedure are the machinery of the judicial process as opposed to the product thereof. Johnson v. State, supra.

Id.
Following this definition, while the offeror's right to attorney's fees under the offer of judgment statute is a substantive legislative enactment, the timing of both the offer and acceptance are procedural, and, therefore, within the province of the court.
Having concluded that the timing provisions are procedural and not subject to the strict construction applicable to substantive enactments, we follow this court's holding in Kennard v. Forcht, 495 So.2d 924 (Fla. 4th DCA 1986). In that case, this court, interpreting the timing provisions relating to an offer of judgment, under an earlier version of *1366 Florida Rule of Civil Procedure 1.442, recognized:
`[T]o permit a binding offer of judgment to remain open during those critical days of trial would be to give the offeree an overwhelming tactical advantage.' [Citation omitted]. In this case, the appellant, instead of acting on the offer before trial commenced (assuming the offer was valid), waited until the trial was essentially complete and, in her view, an unsatisfactory jury verdict was imminent. We believe this was a misuse of the rule and agree that the trial judge properly declined to permit it.
Id. at 925 (quoting Greenwood v. Stevenson, 88 F.R.D. 225 (D.R.I.1980)).
It is a basic tenet of statutory construction that a statute should not be interpreted so as to yield an absurd result. See Wollard v. Lloyd's and Cos. of Lloyd's, 439 So.2d 217, 218 (Fla.1983); McKibben v. Mallory, 293 So.2d 48, 51 (Fla.1974). Accordingly, we agree that a party may not accept an offer of judgment after trial has commenced. See Kennard; City of Largo v. Barker, 538 So.2d 556, 557 (Fla. 2d DCA 1989); Braham v. Carncross, 514 So.2d 71 (Fla. 2d DCA 1987).
While we affirm the trial court's determination that Hanzelik's acceptance of the offer of judgment was untimely, we must reverse its award of attorney's fees to Grottoli & Hudon. We find that Grottoli & Hudon's offer of judgment, made less than thirty days before the commencement of trial, is insufficient to support an award of fees pursuant to section 768.79. As a result, we adopt the reasoning applied in Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994). In that case, the Third District reversed a similar award of attorney's fees to the defendant where the defendant's offer of judgment was made less than thirty days before the start of trial, stating:
Under both versions of the statute, "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees ...." § 768.79(1)(a), Fla. Stat. (Supp. 1986) and § 768.79(1), Fla. Stat. (Supp.1990)(emphasis supplied). This statutory language plainly contemplates that an offeree have a full 30 days within which to accept an offer of judgment. See also § 768.79(4), Fla. Stat. (Supp.1990) ("An offer shall be accepted by filing a written acceptance with the court within 30 days after service."). Therefore, we hold that an offer of judgment must be made so that the offeree has 30 days in which to timely accept it. An offer that does not comply with this requirement may not serve as the basis for an award of costs or attorney's fees. This rule does not prevent an offeree from actually accepting an untimely offer and avoiding trial; it merely prevents the offer from later serving as the basis for an award of costs and attorney's fees under the statute.
Id. at 198-97 (italics in original; underline added).
Based upon the foregoing, we affirm the trial court's order striking Hanzelik's acceptance of the offer of judgment, but reverse the award of attorney's fees to Grottoli & Hudon based upon section 768.79.
AFFIRMED IN PART; REVERSED IN PART.
WARNER and PARIENTE, JJ., concur.