982 So.2d 69 (2008)
Tammera R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5446.
District Court of Appeal of Florida, First District.
April 23, 2008.
Rehearing Denied May 21, 2008.
*70 Nancy A. Daniels, Public Defender, John B. Kelly, III, Assistant Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Thomas Winokur, Tallahassee, for Appellee.
BENTON, J.
On direct appeal, Tammera Smith contends she is entitled to be resentenced before a different judge because the judge who in fact sentenced her erred in permitting the victim's sister and mother, in addition to the victim herself, to testify at the sentencing hearing, section 921.143(1), Florida Statutes (2005), notwithstanding. We affirm.
Ms. Smith argues section 921.143(1) should be read to permit testimony of an adult victim's mother at a sentencing hearing only if the victim has died from causes related to the crime; and of a sister only if the victim has died from causes related to the crime and the sister is the next of kin. Section 921.143(1) provides:
At the sentencing hearing, and prior to the imposition of sentence upon any defendant who has been convicted of any felony or who has pleaded guilty or nolo contendere to any crime, including a criminal violation of a provision of chapter 316, the sentencing court shall permit the victim of the crime for which the defendant is being sentenced, the victim's parent or guardian if the victim is a minor, the lawful representative of the victim or of the victim's parent or guardian if the victim is a minor, or the next of kin of the victim if the victim has died from causes related to the crime, to:
(a) Appear before the sentencing court for the purpose of making a statement under oath for the record; and
(b) Submit a written statement under oath to the office of the state attorney, which statement shall be filed with the sentencing court.
§ 921.143(1), Fla. Stat. (2005). She urges a construction of the statute which would require exclusion of any witness at a sentencing hearing not named in section 921.143(1). Her argument boils down to little more than variations on the theme of "inclusio unius est exclusio alterius."[1]
*71 Today, as when section 921.143 was originally enacted, see Ch. 76-274, § 9, at 748, Laws of Fla. (1976), Rule 3.720(b), Florida Rules of Criminal Procedure (2007) provides: "The court shall entertain submissions and evidence by the parties that are relevant to the sentence." The committee note for 1972 states, with respect to Rule 3.720(b): "The defendant is to be permitted to challenge factual bases for the sentence which he believes to be incorrect. Where possible, such submissions should be done informally, but the rule does not preclude an evidentiary hearing if it should be necessary." In re Fla. Rules of Criminal Procedure, 272 So.2d 65, 124 (Fla. 1972).
Much has transpired as regards putting on evidence in sentencing hearings since section 921.143(1) was originally enacted. See generally, e.g., Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Yisrael v. State, No. SC06-2211, 33 Fla. L. Weekly S131, ___ So.2d ___, 2008 WL 450398 (Feb. 21, 2008). But it has seldom been doubted and is now clear that the defense should have the same opportunity as the prosecution to put on and to rebut evidence relevant to sentencing. See Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (holding it "clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause").
Taken to its logical conclusion, Ms. Smith's argument would permit the trial court to hear the testimony, at the sentencing hearing, either of the victim or of the victim's surrogate, but not the testimony of witnesses the defendant might want to call. Whether or not a victim urges harsh punishment, the public interest in achieving a just and well-informed decision on sentencing is ill served by the construction Ms. Smith urges. Her interpretation could lead to infringement of defendants' due process rights in cases where other witnesses stood ready to speak in favor of lenity or to rebut factual assertions adverse to the defense. Such a construction cannot be reconciled with Rule 3.720(b)'s unqualified directive that the court "entertain submissions and evidence by the parties that are relevant to the sentence."
We should not construe the statute in a way that is not fully compatible with a procedural rule of court already on the books when the statute was enacted, given the state constitutional questions such a construction would raise. See State v. Raymond, 906 So.2d 1045, 1048 (Fla.2005) ("It is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm. This principle is grounded in article V, section 2(a) of the Florida Constitution. . . .") (citing Markert v. Johnston, 367 So.2d 1003 (Fla.1978) (internal citation omitted)); Art. V, § 2(a), Fla. Const. (1968). See also Cashatt v. State, 873 So.2d 430, 436 (Fla. 1st DCA 2004) (ruling "a statute is to be construed where fairly possible so as to avoid substantial constitutional questions"). Now codified as section 921.143(1), chapter 76-274, section 9, at 748, Laws of Florida (1976), was *72 enacted as part of House Bill No. 3996, which passed the House of Representatives, as amended, 60 to 49, i.e., without a two-thirds majority in each house. See Fla. H.R. Jour. 992 (Reg. Sess. 1976). See generally Art. V, § 2(a), Fla. Const. (1968).
Section 921.143(1) vindicates important victims' rights.[2] But, if construed so as to conflict with Rule 3.720(b), Florida Rules of Criminal Procedure (2005), section 921.143(1) might create as many constitutional problems as it helps solve. See Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So.2d 1020, 1021 (Fla. 4th DCA 1981) ("Matters of practice and procedure in state courts are solely the province of the Supreme Court. . . . Thus it has been held that a statute which purports to create or modify a procedural rule of court is constitutionally infirm."). Appellant's construction of the statute raises both separation of powers and due process questions. Section 921.143(1) fosters important victims' rights-as article I, section 16(b) of the Florida Constitution now contemplates-without appellant's restrictive interpretation no less than with it. The statute should not be read as limiting the testimony Rule 3.720(b) allows trial courts to consider at sentencing hearings.
Affirmed.
WEBSTER and POLSTON, JJ., concur.
NOTES
[1] "Inclusio unius est exclusio alterius" is the Latin maxim which teaches that the inclusion of one thing i[mplie]s the exclusion of another. See, e.g., Rivera v. Singletary, 707 So.2d 326, 326 (Fla.1998); Indus. Fire & Cas. Ins. Co. v. Kwechin, 447 So.2d 1337, 1339 (Fla. 1983) ("The express authorization of deductibles in the enumerated situations implies the prohibition against them in all other situations according to the rule of statutory construction inclusio unius est exclusio alterius.").
[2] After the statute was enacted, the Florida Constitution was amended to include the following:

Victims of crime or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.
Art. I, § 16(b), Fla. Const. Although previously enacted, section 921.143(1) could be said to advance this constitutional objective.