979 So.2d 931 (2008)
Gary MASSEY, Appellant,
v.
Calvin F. DAVID, Appellee.
No. SC07-776.
Supreme Court of Florida.
April 3, 2008.
*932 Joseph W. Little, Gainesville, Florida, and Robert C. Widman, Venice, Florida, for Appellant.
John A. DeVault, III and Courtney K. Grimm of Bedell, Dittmar, DeVault, Pillans, and Coxe, P.A., Jacksonville, Florida, and John H. Pelzer of Ruden, McClosky, Smith, Schuster, and Russell, P.A., Fort Lauderdale, Florida, for Appellee.
*933 LEWIS, C.J.
This case is before the Court on appeal from a decision of the First District Court of Appeal, Massey v. David, 953 So.2d 599 (Fla. 1st DCA 2007) (Massey II), which declared a state statute to be invalid. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

FACTS AND PROCEDURAL HISTORY
Appellant Massey entered into a contract with Appellee, attorney David, in connection with injuries allegedly suffered by Massey due to his exposure to chemicals released by companies previously known as Koppers Company and Cabot Carbon Corporation, and which are now collectively known as Beazer East, Inc. (hereinafter "the Company"). See Massey v. David, 831 So.2d 226, 229 (Fla. 1st DCA 2002) (Massey I); Massey v. Beazer East, Inc., 712 So.2d 1265, 1265 (Fla. 1st DCA 1998). The contract between David and Massey specifically provided:
In the event a dispute arises . . . the Client and Lawyer shall not make arbitrary decisions, but shall make decisions based on all facts reasonably available. In the event any dispute cannot be resolved between Lawyer and Client, the dispute will be resolved by Russell Peavyhouse after joint consultation with the Client and the Lawyer and Russell Peavyhouse's decision as an arbitrator will be binding on both the Client and the Lawyer. This provision includes all manner of things that could be in dispute, including but not limited to, pleadings, discovery, settlement, trial tactics and all other things related to the representation of the Client by the Lawyer.
Massey I, 831 So.2d at 229 (emphasis supplied).[1] When a disagreement arose between Massey and David with regard to a possible settlement with the Company, David submitted the dispute to the arbitrator. See id. at 229. The arbitrator decided that Massey should accept the settlement. See id. at 229-30.
Contrary to the wishes of Massey, David then filed a Motion to Approve Settlement with the trial court. See id. at 230. Despite the serious conflict of interest, David allegedly appeared on behalf of Massey at the hearing on the motion. See id. During that hearing, David advocated on his own behalf but he did not inform Massey that he should retain independent counsel. See id. The trial court orally granted the Motion to Approve Settlement and directed Massey to sign a written release. See id. The court noted that if Massey refused to follow the directions of the court, it would issue a written order. See id. After Massey discharged David, Massey received a copy of the release by mail with instructions from David which directed him to sign the document. See id. When Massey refused, David renewed the Motion to Approve Settlement, which the trial court granted. See id. In accordance with the order of the trial court, the arbitrator in connection with the underlying settlement dispute was appointed to serve in the capacity of Guardian Ad Litem and signed the release on behalf of Massey. See id. The settlement required payment of $795,000 to Massey. See id. at 231. Fees and costs were to be paid to David's firm and another firm, Merkle & Magri, P.A., which Massey had retained and then terminated before he retained David. See id. at 229, 231. David's firm received a *934 final fee and cost judgment in the amount of $193,824.59, and Merkle & Magri, P.A., received a final judgment in the amount of $420,396.75. See id. at 231.
Massey subsequently initiated a separate action against David in which he alleged legal malpractice. See Massey II, 953 So.2d at 601.[2] The trial court bifurcated the proceedings, with a Phase I trial to be held on negligence and liability issues, and a Phase II trial to be held, if necessary, on the issue of damages suffered by Massey. See id. During Phase I, the jury found that David was negligent and that the negligence of David caused damage to Massey. See id. However, during Phase II, the jury awarded zero damages to Massey. See id. Massey sought review of the final judgment entered, and the First District affirmed. See Massey v. David, 952 So.2d 1195 (Fla. 1st DCA 2007) (Massey III) (table citation).
Thereafter, the trial judge entered a separate judgment for costs in favor of David. See Massey II, 953 So.2d at 601. Massey sought review of that second judgment and alleged, in pertinent part, that the trial court erred when it awarded costs for expert witnesses which he alleged to be contrary to section 57.071(2) of the Florida Statutes. See id. Massey contended that the trial court awarded expert fees to David based on the improper conclusion that section 57.071(2) was unconstitutional. See id. That subsection provides, in pertinent part:
Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court.
Id. at 601-02 (quoting § 57.071(2), Fla. Stat. (1999)). Massey asserted in the trial court that David was not entitled to an award of costs for the experts because he had not timely complied with the written report requirement delineated in the statute. At the same time, Massey conceded that the Fourth District Court of Appeal had previously declared section 57.071(2) to be unconstitutional in Estate of Cort v. Broward County Sheriff, 807 So.2d 736 (Fla. 4th DCA 2002).
On appeal, the First District initially noted that the trial court made no findings with regard to the provisions of the statute and that the order awarding costs to David did not mention either Cort or the statute. See Massey II, 953 So.2d at 602. Nonetheless, even if the trial court had relied on Cort when it awarded the expert witness costs to David, the First District concluded that the trial court did not err because Cort "stands as the only appellate decision addressing this issue." Id. The First District then stated that "from our review, the Fourth District correctly found the statute an unconstitutional intrusion on `the powers of the judiciary, through the Florida Supreme Court, to determine matters of practice and procedure before the Florida Courts,'" and agreed with the Fourth District that "section 57.071(2) does not create a right to recover expert witness fees, but rather sets forth the procedure for recovering *935 under that right." Id. (emphasis supplied) (quoting Cort, 807 So.2d at 738).
Massey seeks review of the decision of the First District Court of Appeal in Massey II in this Court.

ANALYSIS
In 2002, the Fourth District in Cort expressly held section 57.071(2) to be unconstitutional as a procedural statute that unconstitutionally infringed on the authority of this Court to determine matters of practice and procedure for Florida courts. See 807 So.2d at 738. The analysis in Cort is much more detailed than that provided by the decision below. The Fourth District reasoned:
[S]ection 57.071(2) is unconstitutional because, through it, the legislature creates or modifies a procedural rule of court:
A rule of procedure prescribes the method or order by which a party enforces substantive rights or obtains redress for their invasion. Substantive law creates those rights. Practice and procedure are the machinery of the judicial process as opposed to the product thereof.

Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So.2d 1020, 1021 (Fla. 4th DCA 1981). In DeMarois, this court found section 447.504(5), Florida Statutes (1979), unconstitutional. See id. at 1021. Section 447.504(5) provided that appeals from certain orders of the Public Employees Relations Commission would be "expedited" in the appellate court and given "priority" over other civil matters. This court concluded that there was "no doubt that a rule creating priorities among types of civil matters being processed by the state courts is procedural rather than substantive." DeMarois, 407 So.2d at 1021.
More specifically, we find Allstate's reliance on Knealing v. Puleo, 675 So.2d 593 (Fla.1996), persuasive. In Knealing, the supreme court found section 44.102(6)(b), Florida Statutes (1993), which allows a party to make an offer of judgment after mediation ends, unconstitutional. See id. at 596. The court found that the statute did not expressly authorize an award of fees nor did it provide any other independent basis for awarding fees. See id. The court stated "[r]ather than providing for an award of fees, section 44.102(6) alters the time limits for making and accepting an offer of judgment." Id. Therefore, in finding the statute unconstitutional, the Knealing court was persuaded by section 44.102(6)'s failure to "create" a substantive right since section 768.79, Florida Statutes, already created the substantive right to attorney's fees based on an offer of judgment. Likewise, here, section 57.071(2) does not create a right to recover expert witness fees, but rather sets forth the procedure for recovering under that right.
Moreover, in Knealing, the supreme court noted that in Leapai v. Milton, 595 So.2d 12 (Fla.1992), and Timmons v. Combs, 608 So.2d 1 (Fla.1992),
[W]e found sections 45.061, Florida Statutes (1987), and 768.79, Florida Statutes (1989), constitutional despite their procedural aspects because they contained substantive provisions authorizing an award of attorney fees.
675 So.2d at 596 (footnote omitted). The court held that it could not apply that reasoning to section 44.102(6) because of its purely procedural nature. See id. We recognize that the substantive right for recovery of an expert witness fee as a taxable cost finds its basis in statutory law and has existed since at least 1949. See § 90.231, Fla. Stat. (1949); § 92.231, Fla. Stat. (2000). Nevertheless, due to the purely procedural *936 nature of section 57.071(2), we are compelled to find that it intrudes upon the powers of the judiciary, through the Florida Supreme Court, to determine matters of practice and procedure before the Florida courts. See Art. V, § 2(a), Fla. Const.
"On October 28, 1981, the Florida Supreme Court issued an administrative order entitled In re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. . . ." Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983). These uniform guidelines, adopted by the Florida Conference of Circuit Judges and published by the Florida Supreme Court, discuss at length the taxation of costs for expert witness fees and set forth no deadlines or requirements such as those contained in section 57.071(2). Moreover, Florida Rule of Civil Procedure 1.280(b)(4)(A) outlines the procedures for discovery of facts and opinions held by experts. There, no mention is made of having to file a report by the expert twenty days prior to the end of discovery or five days prior to the deposition of the expert.
We note that the legislature has graciously requested that the requirements of section 57.071(2) be adopted by supreme court rule in the event that any court of competent jurisdiction were to find the provision unconstitutional. This opinion holding the statute invalid will give our supreme court jurisdiction to review our decision and consider that request. See Art. V, § 3(b)(1), Fla. Const.
Id. at 738-39 (footnote omitted). No party in Cort ever sought review of that decision. As a result, section 57.071(2) has been in the status of having been declared unconstitutional for five years without the issue having come to this Court for approval or rejection after the analysis of the Fourth District. Further, because the Fourth District had been the only appellate court to pass upon the constitutionality of section 57.071(2), all trial courts during that time period were required to follow Cort. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) ("[I]n the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court [is] required to follow that decision."). It is only now that the First District has agreed with the decision of the Fourth District in Cort, and Massey II has been timely presented to this Court for review, and we now address the constitutional challenge to section 57.071(2).
Relevant Constitutional Provisions and Case Law
Article II, section 3 of the Florida Constitution prohibits one branch of government from exercising "any powers appertaining to either of the other branches unless expressly provided herein." Art. II, § 3, Fla. Const. Article V, section 2(a) provides this Court with the exclusive authority to "adopt rules for the practice and procedure in all courts." Art. V, § 2(a), Fla. Const. Generally, the Legislature is empowered to enact substantive law while this Court has the authority to enact procedural law. See Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000). Thus, the issue in the instant case is whether section 57.071(2) is a procedural statute that impermissibly encroaches on this Court's rulemaking authority. A facial challenge to the constitutionality of a statute is a pure question of law which is subject to de novo review. See City of Miami v. McGrath, 824 So.2d 143, 146 (Fla.2002).
This Court has provided the following guidelines to ascertain whether a statute is procedural or substantive in nature:

Substantive law has been defined as that part of the law which creates, defines, *937 and regulates rights, or that part of the law which courts are established to administer. It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their persons and property. On the other hand, practice and procedure "encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. `Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof." It is the method of conducting litigation involving rights and corresponding defenses.
Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla.1991) (emphasis supplied) (citations omitted) (quoting In re Fla. Rules of Crim. Pro., 272 So.2d 65, 66 (Fla.1972) (Adkins, J., concurring)); see also Allen v. Butterworth, 756 So.2d 52, 60 (Fla.2000) (procedural law "include[s] the administration of the remedies available in cases of invasion of primary rights of individuals. The term `rules of practice and procedure' includes all rules governing the parties, their counsel and the Court throughout the progress of the case from the time of its initiation until final judgment and its execution." (quoting In re Fla. Rules of Crim. Pro., 272 So.2d at 66 (Adkins, J., concurring))).
Of course, statutes at times may not appear to fall exclusively into either a procedural or substantive classification. We have held that where a statute contains some procedural aspects, but those provisions are so intimately intertwined with the substantive rights created by the statute, that statute will not impermissibly intrude on the practice and procedure of the courts in a constitutional sense, causing a constitutional challenge to fail. See Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 54 (Fla.2000); see also State v. Raymond, 906 So.2d 1045, 1049 (Fla.2005). If a statute is clearly substantive and "operates in an area of legitimate legislative concern," this Court will not hold that it constitutes an unconstitutional encroachment on the judicial branch. Caple, 753 So.2d at 53 (quoting VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983)). However, where a statute does not basically convey substantive rights, the procedural aspects of the statute cannot be deemed "incidental," and that statute is unconstitutional. See Raymond, 906 So.2d at 1049. Moreover, where this Court has promulgated rules that relate to practice and procedure, and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict. See Kirian, 579 So.2d at 732. Finally, where a statute has some substantive aspects, but the procedural requirements of the statute conflict with or interfere with the procedural mechanisms of the court system, those requirements are unconstitutional. See Jackson v. Fla. Dep't of Corrections, 790 So.2d 381, 384 (Fla.2000). Application of these principles can be found in case examples, one where a statute contained procedural aspects but nonetheless we concluded that the statute was valid, and another in which we held the statute to be procedural and therefore invalid.
In VanBibber, this Court considered the constitutionality of section 627.7262, Florida Statutes (Supp.1982), "Nonjoinder of insurers." See 439 So.2d at 881. The statute provided that, as a condition precedent to maintaining a cause of action against a liability insurer, a noninsured individual must first obtain a judgment against "a person who is an insured under the terms of such policy for a cause of action which is covered by such policy." Id. at 882 (quoting § 627.7262, Fla. Stat.). The statute also authorized insurers to *938 include a provision in liability insurance policies that precluded noninsured individuals from filing an action against an insurer until the noninsured had secured the entry of a judgment against an insured. See id. Although section 627.7262 had an impact on the procedural issue of joinder of parties, this Court concluded that the statute primarily created substantive law and was constitutionally valid because it (1) established a condition precedent to maintaining a cause of action against an insurer and (2) accorded insurers the substantive right to include a provision in their contracts that prevented third-party actions until a judgment was entered against an insured. See id. at 882-83.[3] In upholding the constitutionality of this statute, this Court specifically noted that the statute pertained to the regulation and supervision of insurance, a "field in which the legislature has historically been deeply involved," and further concluded that the statute "operate[d] in an area of legitimate legislative concern." Id. at 883.
VanBibber can be contrasted with the decision in Knealing v. Puleo, 675 So.2d 593 (Fla.1996), in which this Court considered the constitutionality of section 44.102, Florida Statutes (1993), a statute which enlarged the time for a party to serve an offer of judgment where a court-ordered mediation has occurred. See 675 So.2d at 594. Section 44.102 provided, in pertinent part:
(6)(a) When an action is referred to mediation by court order, the time periods for responding to an offer of settlement pursuant to s. 45.061, or to an offer or demand for judgment pursuant to s. 768.79, respectively, shall be tolled until:
1. An impasse has been declared by the mediator; or
2. The mediator has reported to the court that no agreement was reached.
(b) Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached. An offer is deemed rejected as of commencement of trial.
Id. at 595-96 (quoting § 44.102, Fla. Stat. (1993)). Section 768.79, "Offer of judgment and demand for judgment," which was cited in subsection (6)(b) of section 44.102, provided, in pertinent part:
In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer. . . .
Id. at 595 n. 4 (emphasis supplied) (quoting § 768.79(1)(a), Fla. Stat. (1989)). This Court concluded that section 44.102 altered procedural portions of section 768.79 which this Court had incorporated into Florida Rule of Civil Procedure 1.442:
Rather than providing for an award of fees, section 44.102(6) alters the time limits for making and accepting an offer of judgment. Section 44.102(6)(a) tolls the time periods of section 768.79 as incorporated into Florida Rule of Civil Procedure 1.442 from the date of the *939 order of mediation until the mediation is complete. The result is that a party may have more than the thirty days required by section 768.79 and rule 1.442 to accept an offer. Section 44.102(6)(b) allows a party to make an offer of judgment after mediation ends. As a result, a party may have less than the thirty days required by section 768.79 and rule 1.442 to consider and accept an offer. We have held that the time limits for acceptance of an offer of judgment, like those provided in section 44.102(6), are procedural. Accordingly, we read section 44.102(6) as setting forth only procedural requirements.
Id. at 596 (citation omitted). The Court, noting that a statute which provides parties with the substantive right to receive fees must do so expressly,[4] concluded that even though section 44.102 referenced section 768.79, the former statute did not expressly authorize an award of fees, nor did it provide an independent basis for awarding fees. See id. Therefore, the Court held that section 44.102 was procedural in nature and, accordingly, unconstitutional. See id.
The Instant Case
The general provision for awarding expert witness fees as costs is located in section 92.231(2), Florida Statutes (2007), which provides, in pertinent part: "Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in an amount agreed to by the parties, and the same shall be taxed as costs." As noted by the Fourth District in Cort, this grant of authority to tax expert witness fees as costs has existed since at least 1949. See Cort, 807 So.2d at 738; see also § 92.231, Fla. Stat. (2006). In 1999, section 57.071(2) was enacted to provide:
Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court.
Under the substantive-versus-procedural analysis described by this Court in Kirian, we hold that section 57.071(2) is a procedural statute.
As noted by the Fourth District in Cort, the right to tax expert witness fees as costs is not at all delineated in section 57.071(2); rather, the substantive right was created in section 92.231(2). Thus, like the offer-of-judgment statute that we invalidated in Knealing, the statute at issue in this case does not expressly authorize an award of fees, nor does it provide an independent basis for awarding fees. Use of the language "[e]xpert witness fees may not be awarded as taxable costs unless" at the beginning of section 57.071(2) does not actually define a substantive right. Rather, the express right was created in section 92.231(2), and this language in section 57.071(2) is merely a prelude that attempts to introduce additional procedural elements related to the award of such costs. This prefatory language does not fix or declare any primary rights of individuals with regard to their persons and property, *940 see Kirian, 579 So.2d at 732, and section 57.071(2) is not a substantive statute. We conclude that because section 57.071(2) only delineates the steps that a party must fulfill (i.e., the proverbial hoops through which a party must jump) to be entitled to an award of expert witness fees as costs, this statute is unquestionably a procedural one which conveys no substantive right at all. See Raymond, 906 So.2d at 1049.[5]
Moreover, our conclusion is supported by the fact that it is impossible to reconcile Massey's assertion that section 57.071(2) is substantive in nature because portions of the statute with regard to the procedures fall completely to the absolute discretion of the courts, even if there has been a failure of compliance. The statute attempts to set a time for the submission of expert witness reports, but then provides that the time may be "otherwise determined by the court." Thus, a court remains free to totally disregard the filing times announced in the statute and to set a time period of its own. We cannot conclude that a statute establishes or defines a substantive right where it allows courts, by the express terms of the statute, to unilaterally alter those "rights."
Second, we conclude that section 57.071(2) is a procedural statute because the requirements of the statute conflict with the procedural mechanisms that have been clearly established by this Court through our rules of procedure. For example, section 57.071(2) contains a written report requirement and a time for filing a report. Conversely, Florida Rule of Civil Procedure 1.280(b)(4) governs discovery of the facts known and opinions held by experts, and nowhere in this provision is there a requirement that an expert prepare a signed written report that "summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions." § 57.071(2), Fla. Stat. Rather, rule 1.280 *941 provides that information from expert witnesses whom a party expects to call to testify during trial may be discovered as follows:
(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
Fla R. Civ. P. 1.280(b)(4)(A).[6]
Similarly, Florida Rule of Civil Procedure 1.525, which governs the award of costs, contains no reference to written reports or time periods for filing such reports. See Fla. R. Civ. P. 1.525 ("Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment. . . ."). Additionally, the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, which were approved by this Court, see In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 615 (Fla.2005), and are appended to the Florida Rules of Civil Procedure, contain no report requirement. Rather, the guidelines provide those costs that should be taxed for expert witnesses as: "A reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report." (Emphasis supplied.) Thus, section 57.071(2) contains procedural requirements that do not exist in, and are in conflict with, the rules of practice and procedure that have been delineated by this Court for the discovery of expert information and for seeking reimbursement of fees for expert witnesses as costs. See Kirian, 579 So.2d at 732.
The substantive right to taxation of expert witness fees as costs was created in section 92.231(2), and therefore, we conclude that section 57.071(2), like the offer-of-judgment statute which was addressed in Knealing, is exclusively procedural in nature. Further, our ultimate conclusion with regard to the constitutionality of these statutory requirements is not controlled by whether they are listed under chapter 92 or another section of the Florida *942 Statutes. Regardless of location, these requirements would still impermissibly conflict with the rules of practice and procedure that have been adopted by this Court. See Jackson, 790 So.2d at 384.
Although not dispositive to our holding today, we further note that the session law which enacted section 57.071(2) indicates that even the Florida Legislature questioned whether provisions of that law violated the separation of powers:
It is the intent of this act and the Legislature to accord the utmost comity and respect to the constitutional prerogatives of Florida's judiciary, and nothing in this act should be construed as any effort to impinge upon those prerogatives. To that end, should any court of competent jurisdiction enter a final judgment concluding or declaring that any provision of this act improperly encroaches upon the authority of the Florida Supreme Court to determine the rules of practice and procedure in Florida courts, the Legislature hereby declares its intent that any such provision be construed as a request for rule change pursuant to s. 2, Art. 5 of the State Constitution and not as a mandatory legislative directive.
Ch. 99-225, § 34, Laws of Fla. Although the dissent opines that this language does not question the constitutionality of the session law, see dissenting op. at ___ note 8, a review of the legislative history of the law indicates that the Legislature indeed harbored such concerns. A Final Analysis prepared by the House of Representatives Committee on the Judiciary provided the following commentary with regard to House Bill 775, the predecessor to chapter 99-225, after discussing the separation of powers doctrine:

The courts tend to find certain types of provisions unconstitutional such as those regarding timing and sequence of court procedures, creating expedited proceedings, issuing mandates to the courts to perform certain functions, and attempting to supersede or modify existing rules of court or intrude on areas of practice and procedures. HB 775 contains a number of provisions which could involve matters of judicial practice and procedure. If the court were to strike any of these provisions, it would not invalidate the bill as a whole.
H.R. Comm. on Judiciary, HB 775 (1999) Staff Analysis 22 (final June 2, 1999) (emphasis supplied). It should be noted that chapter 99-225 impacted a number of statutes; it did not merely create section 57.071(2). See ch. 99-225, Laws of Fla. Hence, this cautionary language does not refer exclusively to this newly created statutory subsection.
The dissent quickly focuses on our acknowledgement of this fact, but it is evident that concerns as to the constitutionality of this legislation were very clearly expressed. Further, even though the dissent may disagree with use of legislative history, this Court has specifically stated that this history is an "invaluable tool" in construing the provisions of a statute. Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla.1982); see also White v. State, 714 So.2d 440, 443 n. 5 (Fla.1998) (noting that legislative staff analyses are "one touchstone of the collective legislative will" (quoting Sun Bank/South Florida, N.A. v. Baker, 632 So.2d 669, 671 (Fla. 4th DCA 1994))). Consistent with this precedent, this Court has utilized legislative history on numerous occasions in attempting to discern the intent of the Legislature. See, e.g., Gulfstream Park Racing Ass'n v. Tampa Bay Downs, 948 So.2d 599 (Fla. 2006); State v. Goode, 830 So.2d 817 (Fla. 2002); Mays v. State, 717 So.2d 515 (Fla. 1998); Magaw v. State, 537 So.2d 564 (Fla. 1989); Roberson v. Fla. Parole & Probation *943 Comm'n, 444 So.2d 917 (Fla.1983); Alford v. Finch, 155 So.2d 790 (Fla.1963). Accordingly, the dissenting view is contrary to longstanding Florida jurisprudence.
During both briefing and oral argument, it has been confirmed that all of the information that is required to be in the written report pursuant to section 57.071(2) was actually provided in this case to the parties through expert disclosures, answers to interrogatories, and affidavits and sworn deposition testimony. This information was provided based upon written court orders with regard to discovery requiring disclosure, and those disclosures occurred within the time frame contemplated by the statute. Thus, the spirit of the statute was fulfilled in this case because expert witness information was exchanged. The trial court was bound by the decision in Cort, and therefore, it is logical that the trial court did not condition the award of costs on compliance with section 57.071(2). Nonetheless, even if the decision in Cort did not exist, we could not conclude that a party who fully disclosed expert witness information to the opposing party, but failed to comply with the discovery requirements of the form of disclosure required by a statute, should be completely denied a reimbursement for expert witness fees on this basis.

CONCLUSION
In conclusion, we hold that section 57.071(2) impermissibly encroaches on the rulemaking authority of this Court because it imposes procedural requirements with regard to both the discovery of expert witnesses and the taxation of expert witness fees as costs which do not exist under the rules of practice and procedure that have been promulgated by this Court. Accordingly, we affirm the holding of the First District in Massey II that section 57.071(2) of the Florida Statutes is unconstitutional.
It is so ordered.
ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
CANTERO, J., dissents with an opinion, in which BELL, J., concurs.
WELLS, J., recused.
CANTERO, J., dissenting.
I respectfully disagree with the majority's conclusion that section 57.071(2), Florida Statutes (1999), impermissibly intrudes on our rulemaking authority. The issue is whether the statute provides for, or conditions, a substantive right (which is within the Legislature's authority) or whether it merely establishes a procedure for enforcing a right (which is within our authority). The fair answer is that it does both. The first sentence of section 57.071(2) conditions the right to taxation of expert witness fees as costs on the filing of a report. That sentence imposes a condition on a substantive right. Therefore, if the statute were limited to that sentence, it would clearly be substantive. The second sentence establishes the deadlines for filing the report. It imposes procedural requirements. Therefore, if the statute were limited to that sentence, it would clearly be procedural. The issue, then, is whether the combination of the two sentences renders the statute as a whole substantive or procedural. Because the second sentence is necessary to implement the substantive aspects of the statute, and because it does not conflict with existing rules, I would hold that the procedural aspects of the statute are incidental to the substantive ones, and are therefore constitutional.
Below I demonstrate why section 57.071(2) is constitutional by explaining that (I) the first sentence of the statute, *944 which conditions the right to taxation of expert witness fees as costs on filing the expert's report, is no less substantive because it is contained in a different statute than the one creating the right; (II) the deadline for filing the report, while procedural, is incidental and necessary to implement the substantive report requirement; and (III) the procedural aspect of the statute does not conflict with our existing rules.

I. THE REPORT REQUIREMENT IS SUBSTANTIVE
We must analyze the statute under the "fundamental rule of statutory construction that, if at all possible, a statute should be construed to be constitutional." Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 51 (Fla.2000). Thus, we are bound to resolve all doubts in favor of the statute's constitutionality. See, e.g., Id.
The distinction between "substantive" rights, which are the prerogative of the Legislature, and "procedure," which is reserved to this Court's rulemaking authority, is not always clear. See, e.g., id. at 53 ("The distinction between substantive and procedural law is neither simple nor certain. . . ."). We have defined substantive law, however, "as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer." Id. (emphasis added) (quoting Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla.1991)). We must therefore decide whether section 57.071(2) "creates, defines, and regulates rights."
We have recognized that "the circumstances under which a party is entitled to costs and attorney's fees is substantive." In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 105-06 (Fla. 1996) (quoting Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992)). Thus, it is the Legislature's prerogative to allow taxation of costs on the losing party. See Wolf v. County of Volusia, 703 So.2d 1033, 1034 (Fla.1997) ("Common law provided no mechanism whereby one party could be charged with the costs of the other. Cost provisions are a creature of statute and must be carefully construed.") (quoting Bd. of County Comm'rs v. Sawyer, 620 So.2d 757, 758 (Fla.1993)).
Since 1949, the Legislature has provided for the taxation of expert witness fees as costs. See ch. 25090, Laws of Fla. (1949). The statute allowing the recovery of costs provides, in part, that "[a]ny expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in an amount agreed to by the parties, and the same shall be taxed as costs." § 92.231(2), Fla. Stat. (2007).
In 1999, the Legislature refined this right by enacting the provision at issue:
(2) Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court. This subsection does not apply to any action proceeding under the Florida Family Law Rules of Procedure.
§ 57.071(2), Fla. Stat. (2007); see ch. 99-225, § 5, at 1407, Laws of Fla.[7] While the *945 right to taxation of expert witness fees as costs is created in section 92.231(2), Florida Statutes, the first sentence of section 57.071(2), by conditioning that right, further defines and regulates it. Therefore, it is substantive.
We have upheld statutes as substantive when they both create and condition the right. In School Board of Broward County v. Price, 362 So.2d 1337, 1339 (Fla.1978), for example, we upheld a statute that waived sovereign immunity for school boards, but prohibited parties from suggesting to a jury that insurance coverage was available. In rejecting the argument that the prohibition was a legislative incursion on our rulemaking authority, we explained:
The plain wording of the statute challenged here shows that the prohibition sets the bounds of a substantive right, the right to sue a school board enjoying sovereign immunity, for liability damages. The statute waives sovereign immunity for school boards, which is within the constitutional power of the Legislature under Article X, Section 13, Florida Constitution. But it does so only, "Provided . . . no attempt shall be made in the trial of any action against a school board to suggest the existence of any insurance. . . ." The waiver, then, is effective only if insurance coverage is not suggested to the jury. The statute's proviso sets the bounds of the substantive right to sue a political subdivision of the State. And it conditions the waiver. Thus, the proviso is substantive, in that it delineates a substantive right.
Id. at 1339 (emphasis added); see also Caple, 753 So.2d at 54 (upholding the constitutionality of a statute that "create[d] the right to petition for [receipt of mortgage payments during foreclosure proceedings] and establishe[d] the grounds upon which the petition may be granted") (emphasis added); cf. Jackson v. Fla. Dep't of Corrs., 790 So.2d 381, 383-84 (Fla. 2000) (reiterating that "the existence of a right for indigents to proceed without payment of costs is a substantive one and is properly provided for by the Legislature" and that "the right could be properly limited by the Legislature") (emphasis added).
Similarly, here, the first sentence of section 57.071(2) conditions the substantive right to taxation of expert witness fees on providing the opposing party a report of the expert. Thus, while section 92.231(2) creates the right to such costs, section 57.071(2) conditions it. The report requirement is therefore substantive. Contrary to the majority's assertion, majority op. at 940 note 5, this does not mean that the Legislature may enact statutes governing procedure simply by prefacing them with the word "unless"or any other word or phrase, for that matter. What is important is not the particular language used to introduce the condition, but whether it is truly a condition on a substantive right or instead governs the procedure for implementing the right. Nor do I suggest that, as to every statute that contains both substance and procedure, the procedural aspects should be deemed merely incidental. Ours remains a case-by-case analysis, and in some statutes the procedural aspects may indeed overwhelm the substantive ones. I merely suggest that such is not the case here.
The majority concludes that the provision is "exclusively procedural" because the "substantive right to taxation of expert witness fees as costs was created in section 92.231(2)." Majority op. at 941. But the issue is not whether another statute creates the right. The issue is whether this statute is substantive or procedural. If it is substantive, then it remains so regardless *946 of whether other statutes also inform the right. The placement of a condition on a right in a different statute from the one creating it does not render it procedural. The two statutessections 57.071(2) and 92.231(2)must be read in pari materia. See, e.g., McDonald v. State, 957 So.2d 605, 610 (Fla.2007) ("[T]he doctrine of in pari materia requires that statutes relating to the same subject or object be construed together to harmonize the statutes and give effect to the Legislature's intent." (quoting Zold v. Zold, 911 So.2d 1222, 1229-30 (Fla.2005))); McGhee v. Volusia County, 679 So.2d 729, 730 (Fla.1996) (stating that an exception to the waiver of sovereign immunity must be read in pari materia with the general waiver statute).
I recognize that we have found a statute unconstitutional where the substantive right was created in a different statute. In State v. Raymond, 906 So.2d 1045, 1050 (Fla.2005), we found procedural a statute prohibiting nonmonetary pretrial release at the first appearance. We noted that the "provision granting [the right to nonmonetary release] was fixed in a portion of the statute that is not at issue here." Id. However, the provision we invalidated did not condition the right to nonmonetary pretrial release; it only changed the court's standard practice of granting it at the first appearanceclearly a procedural element. We expressly recognized that "[a]ny person entitled to PTS nonmonetary release before the amendment is still entitled to it after the amendment." Id. The amendment affected only the timing of the release. Id. In this case, on the other hand, the report requirement conditions the right to taxation of expert witness fees. The statute expressly provides that such fees "may not be awarded as taxable costs unless" the report is provided. § 57.071(2), Fla. Stat. I repeat: a condition on the right to taxation of costs is not procedural merely because it is contained in a different statute than the one creating the right.
The majority nevertheless concludes that "this language in section 57.071(2) is merely a prelude that attempts to introduce additional procedural elements related to the award of such costs." Majority op. at 938-40. This assumption is contrary to the requirement that we "assume that the Legislature intended to enact an effective law." A.B.A. Indus., Inc. v. City of Pinellas Park, 366 So.2d 761, 763 (Fla. 1979) ("Statutes are presumptively valid and constitutional, and will be given effect if possible. All doubts will be resolved in favor of constitutionality."). It is also contrary to the bill's title, which states that the act was intended to provide the "criteria under which expert witness fees may be awarded as taxable costs." Ch. 99-225, at 1400, Laws of Fla. (emphasis added); see Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 25 (Fla.2004) ("The title is more than an index to what the section is about or has reference to; it is a direct statement by the legislature of its intent." (quoting State v. Webb, 398 So.2d 820, 824-25 (Fla.1981))).[8]

*947 II. INCLUDING A TIME LIMIT DOES NOT RENDER THE STATUTE PROCEDURAL
Having concluded that the first sentence of section 57.071(2), the expert report requirement, is a constitutional limitation on the substantive right to taxation of expert witness fees, I next explore the second sentence, which states: "Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to the discovery cutoff, whichever is sooner, or as otherwise determined by the court." I agree that this time limit is procedural. I disagree, however, that its inclusion invalidates the statute.
Generally, time limits for court filings are matters of procedure. See, e.g., Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure, 875 So.2d 563, 569 n. 5 (Fla.2004) (Cantero, J., concurring) ("Once a case is filed in a court of law, the decision of when that right may be invoked is quintessentially a matter of procedure, over which this Court has ultimate authority."). Thus, I agree that the time limit for filing the expert's report in section 57.071(2) is procedural.
That the second sentence is procedural, however, does not end our inquiry. The mere presence of procedural aspects in a primarily substantive statute will not render a statute unconstitutional where they are "minimal" and "are intended to implement the substantive provisions of the law." Kalway v. State, 730 So.2d 861, 862 (Fla. 1st DCA 1999); see also In re Commitment of Cartwright, 870 So.2d 152, 158 (Fla. 2d DCA 2004) ("[T]here are also circumstances where a legislative provision which would be deemed procedural if viewed in isolation will nonetheless be upheld . . . because of the connection between that provision and substantive provisions adopted by the legislature."). As we noted in Caple, 753 So.2d at 54, "[w]e have consistently rejected constitutional challenges where the procedural provisions were intertwined with substantive rights." See also Smith v. Dep't of Ins., 507 So.2d 1080, 1092 (Fla.1987) (recognizing that the statute had procedural aspects, but finding them "necessary to implement the substantive provisions"); VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983) (holding that the statute prohibiting joinder of insurers was within the Legislature's power despite affecting joinder of parties in courts); Peninsular *948 Props. Braden River, LLC v. City of Bradenton, 965 So.2d 160, 162 (Fla. 2d DCA 2007) (finding procedural a provision tolling the time to file an action, but nevertheless constitutional because it was intertwined with substantive provisions), review denied, 974 So.2d 386 (Fla.2008); In re Cartwright, 870 So.2d at 157 ("[T]he challenged statutory provision should be upheld because it is `intimately related to' and `intertwined with' the substantive provisions of the Ryce Act." (quoting Caple, 753 So.2d at 54)).
Florida courts, including this Court, have upheld statutes that contain both substantive and procedural aspects. In Smith, 507 So.2d 1080, we addressed challenges to several sections of the "Tort Reform and Insurance Act of 1986." We rejected the argument that various sections, in particular a requirement that jury verdicts be itemized, encroached on our rulemaking authority. Id. at 1092. Instead, we noted that despite "procedural aspects that will require immediate examination by this Court," the provisions were "necessary to implement the substantive provisions." Id. (emphasis added). Similarly, in Kalway, 730 So.2d at 862, the district court found constitutional a statute requiring a prisoner requesting indigency status to produce his prisoner trust account activity. The court recognized that "[a] decision whether to subject a prisoner's trust account to payment of court costs and fees is clearly a subjective determination appropriately made by the legislature." Id. The court found, however, that the statute contained "directives, which are not binding on the supreme court, concerning the manner in which the substantive objectives are to be reached." Id. It concluded that the procedural aspects were "minimal and d[id] not void the statute, because they [were] intended to implement the substantive provisions of the law." Id.; see also Raymond, 906 So.2d at 1049 (explaining that the "minimal procedural aspect of the statute" at issue in Kalway "was proper in order to implement the substantive law").
In this case, the deadline for providing the expert's report is minimal and is necessary to implement the substantive report requirement. Absent some time limitation, the requirement would be meaningless. A party could simply wait to provide a report until it has prevailed and is seeking costs, at which point the report would be useless. Thus, I conclude, as we have in other similar cases, that the suggested deadline in section 57.071(2), while procedural, does not infringe on our rulemaking authority. See, e.g., Caple, 753 So.2d at 55 ("[B]ecause the statute creates substantive rights and any procedural provisions are directly related to the definition of those rights, we hold that section 702.10(2) does not infringe on this Court's rulemaking authority."); Smith, 507 So.2d at 1092 ("We find that all these sections are directly related to the substantive statutory scheme and conclude that these provisions do not violate the separation of powers clause of the Florida Constitution."). Therefore, the statute is constitutional.
It is this substantive aspect of the statute here that distinguishes this case from those where we have found unconstitutional purely procedural statutes. See, e.g., Raymond, 906 So.2d at 1049; Knealing v. Puleo, 675 So.2d 593, 596 (Fla.1996). For example, the majority compares this case to Knealing. Majority op. at 938-40. There, we found unconstitutional a portion of a mediation statute permitting an offer of settlement to be made at any time after a mediator has declared an impasse. Knealing, 675 So.2d at 596. We noted, however, that the statute contained "only procedural requirements" and we distinguished cases where we upheld statutes "despite their procedural aspects" because *949 they also included "substantive provisions." Id. at 596 (emphasis added) (distinguishing Leapai v. Milton, 595 So.2d 12 (Fla.1992), and Timmons, 608 So.2d 1); see also Raymond, 906 So.2d at 1049 ("[W]here there is no substantive right conveyed by the statute, the procedural aspects are not incidental; accordingly, such a statute is unconstitutional." (citing Knealing, 675 So.2d 593)). Unlike the provisions at issue in Knealing and Raymond, section 57.071(2) is not purely proceduralit also contains the substantive report requirement. The procedural deadline for filing is necessary to implement it.
The majority concludes that section 57.071(2) cannot be substantive "because portions of the statute with regard to the procedures fall completely to the absolute discretion of the courts, even if there has been a failure of compliance." Majority op. at 940-41. It is certainly true that the second sentence of section 57.071(2), setting deadlines for filing the expert report of five days before the expert's deposition, twenty days before the discovery cutoff, "or as otherwise determined by the court," leaves discretion to the trial court. But courts do not have discretion to eliminate the report requirement; only to adjust the deadline. The statute permits courts discretion to deal with the procedural implementation of the substantive requirementa matter properly left to the courts. Cf. Smith, 507 So.2d at 1092 & n. 10 (approving the trial court's explanation that, although a provision was procedural, because it was not mandatory it did not encroach on the Court's rulemaking authority).

III. ABSENCE OF CONFLICT WITH PROCEDURAL RULES
It is only where the procedural aspects of a statute conflict with a rule promulgated by this Court that we have found them unconstitutional. See, e.g., Jackson, 790 So.2d at 384 ("A statute can . . . have both substantive provisions and procedural requirements. If the procedural requirements conflict with or interfere with the procedural mechanisms of the court system, they are unconstitutional. . . ."); Haven, 579 So.2d at 732 ("Where this Court promulgates rules relating to the practice and procedure of all courts and a statute provides a contrary practice or procedure, the statute is unconstitutional to the extent of the conflict."). In Looney v. State, 803 So.2d 656, 676 (Fla.2001), we rejected a challenge to a statute governing the admissibility of victim impact evidence where it did not conflict with an existing rule of procedure, explaining:
In the instant case, however, this Court had promulgated no rule or procedure governing the admissibility of victim impact evidence at the time of the Legislature's enactment (or at any time since). Accordingly, the legislatively enacted statute does not "interfere with," "intrude upon," or "conflict with this Court's own rule." As such, it cannot be said that the statute unconstitutionally violates separation of powers.
Similarly, here, the deadline for filing the expert report in section 57.071(2) does not conflict with any rules of procedure. Therefore, this minimal procedural aspect does not render the statute unconstitutional. To the extent the substantive report requirement itself conflicts with a procedural rule, it is the rule, not the statute, that is invalid. See, e.g., Boyd v. Becker, 627 So.2d 481, 484 (Fla.1993) ("While the Florida Constitution grants this Court exclusive rule-making authority, this power is limited to rules governing procedural matters and does not extend to substantive rights."); Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975) ("In our opinion, the statute must prevail over our rule because the subject is substantive law."); *950 Hines v. State, 931 So.2d 148, 150 (Fla. 1st DCA 2006) ("When a statute confers a substantive right, a conflicting procedural rule is invalid as a violation of separation of powers under article II, section 3 of the Florida Constitution because a rule of procedure cannot enact substantive law." (citing In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 105-06 (Fla.1996), and Timmons, 608 So.2d at 2-3)). Although the majority apparently disagrees with the proposition that a procedural rule in conflict with substantive law is invalid, majority op. at 940 note 5, it cites no authority permitting this Court to override substantive law by procedural rule. Just as we readily assert our authority to adopt court procedure, we must respect the Legislature's constitutional prerogative to enact substantive law.
The majority concludes that section 57.071(2) conflicts with Florida Rules of Civil Procedure 1.280(4) and 1.525 and the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. I consider each in turn.
Florida Rule of Civil Procedure 1.280(b)(4) is part of the rules governing pretrial discovery. It provides in pertinent part:
(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
Fla. R. Civ. P. 1.280(b)(4)(A)(i)-(ii).
As its title reflects, Rule 1.280, "General Provisions Governing Discovery," is a discovery rule. It details the procedure for obtaining discovery from experts. It has nothing to do with the recovery of costs.[9] I recognize that both rule 1.280(b)(4)(A)(i) and section 57.071(2) require a summary of the expert's opinions and the basis of the opinions; one through responses to interrogatories, the other through a "written report." § 57.071(2), Fla. Stat. ("Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes . . . a written report . . . which summarizes the expert witness's opinions and the factual basis of the opinions. . . ."); Fla. R. Civ. P. 1.280(b)(4)(A)(i) ("By interrogatories a party may require any other party to identify *951 . . . an expert witness . . . and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."). The rule and statute apply in different contexts, however, and are invoked by different parties. The rule allows a party to require an opposing party to provide pretrial information about its expertsi.e., "to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Fla. R. Civ. P. 1.280(b)(4)(A)(i). The statute allows the party employing the experts to tax their experts' fees as costs, provided they submit a report to the opposition. If a party does not wish to tax its experts' fees as costs, the statute does not require that party to disclose information about its experts. Rule 1.280(b)(4) remains the only mechanism available to require an opposing party to provide information about its experts. Litigants must comply with the statute when seeking to tax their own experts' fees as costs, and with the rule when seeking pretrial discovery or responding to pretrial discovery requests. A litigant can certainly comply with both section 57.071(2) and rule 1.280. Thus, the statute does not conflict with the rule.
Simply because the opposition may learn information about an expert from the report provided under section 57.071(2) does not make it a pretrial discovery rule. "Discovery," as used in the context of pretrial disclosure, is "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation." Black's Law Dictionary 498 (8th ed.2004) (explaining that the "primary discovery devices are interrogatories, depositions, requests for admissions, and requests for production"). As explained above, a party cannot be compelled to disclose any information under section 57.071(2), nor does section 57.072(2) authorize an opposing party to request any information. Thus, by definition, it is not a pretrial discovery rule.
I likewise disagree that section 57.071(2) conflicts with Florida Rule of Civil Procedure 1.525. Majority op. at 941. This rule provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." Fla. R. Civ. P. 1.525. The rule addresses only the mechanism for seeking a judgment taxing fees and costs. See Fla. R. Civ. P. 1.525 cmt. ("This rule only establishes time requirements for serving motions for costs, attorneys' fees, or both. . . ."). In other words, the rule governs only the procedure for claiming a cost award to which a party is otherwise entitled. Section 57.071(2) does not conflict with the requirement in rule 1.525 that a party seeking costs or fees file a motion or the time limit for filing that motion. Even if a party timely files an expert witness report pursuant to section 57.071(2), before it can obtain a judgment taxing its expert witness fees as costs, it must still follow the procedure in rule 1.525. Therefore, section 57.071(2) does not conflict with rule 1.525.
Finally, section 57.071(2) does not conflict with the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Majority op. at 941. The majority essentially concludes that because the guidelines do not contain a report requirement, section 57.071(2) conflicts with the guidelines. However, the guidelines begin by expressly stating that they are "advisory only" and are not intended to "prejudice the rights of any litigant objecting to an assessment of costs on the basis that the assessment is contrary to the applicable substantive law." In re Amendments to the Unif. Guidelines for Taxation of Costs, 915 So.2d 612, 614 (Fla.2005) ("The guidelines, *952 however, are not intended to be mandatory, and the appropriate assessment of costs in any particular proceeding remains within the discretion of the trial court."). Thus, as with conflict with procedural rules, to the extent the majority concludes the substantive report requirement in section 57.071(2) conflicts with the guidelines, the statute controls. Further, the guidelines mention expert witnesses only once: in permitting taxation of "[a] reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report." Id. at 616. These "advisory" guidelines speak only to what items within a particular category may be taxed as costs, not the necessary conditions for taxing those items as costs, or related procedures. Like rules 1.280 and 1.525, the guidelines simply do not address the filing of an expert report or the deadlines for doing so. Therefore, because it is necessary to implement the substantive report requirement and is not addressed by existing rule, I would simply adopt the procedural portion of section 57.071(2)the second sentenceas a rule of this Court. See Timmons, 608 So.2d at 3 (adopting procedural portion of statute as a Court rule).

CONCLUSION
For the reasons explained, I would uphold the constitutionality of section 57.071(2), Florida Statutes. The Legislature's decision to condition the taxation of expert witness fees on providing a report to the opposition is a substantive one. The statutory deadline for filing this report, while procedural, is necessary to implement the substantive law and does not conflict with existing procedural rules. Therefore, I respectfully dissent.
BELL, J., concurs.
NOTES
[1] We make no comment concerning the propriety of this provision as it is not an issue before us in this case. We do note that this agreement was submitted to and approved by the trial court in the initial litigation and the trial court's decision was not reversed on appeal.
[2] Massey also filed a separate action against David's firm; however, the firm prevailed on a motion for summary judgment. See Massey I, 831 So.2d at 228. Therefore, the firm is not involved in the instant proceeding.
[3] This Court further distinguished between the version of section 627.7262 at issue in VanBibber and an earlier version of the statute, which solely prohibited the joinder of a motor vehicle insurer in an action to determine the liability of the insured. See id. at 882-83. We held that the earlier statute was unconstitutional as a procedural statute that invaded our exclusive rulemaking authority. See id. at 882 (citing Markert v. Johnston, 367 So.2d 1003 (Fla.1978)).
[4] The rationale for this requirement is that "[c]ommon law provided no mechanism whereby one party could be charged with the costs of another. Cost provisions are a creature of statute." Bd. of County Comm'rs v. Sawyer, 620 So.2d 757, 758 (Fla.1993).
[5] The dissenting analysis is based entirely upon the initial conclusion that the procedural aspects of section 57.071(2) are incidental because they only implement the alleged substantive right established in the first sentence of the statute (i.e., the report requirement). See dissenting op. at 944. We disagree. The conclusion that the first sentence of the statute is substantive merely because it commences with the language "[e]xpert witness fees may not be awarded as taxable costs unless" is not only faulty, but would also emasculate the constitutional provision which mandates this Court's authority to create rules of practice and procedure. Although the dissent asserts to the contrary, see dissenting op. at 945, under such an interpretation, to impose substantial changes in court practice and procedure the Legislature need only commence any statute with prefatory language which attempts to tie the statute to another in which a substantive right is established. Indeed, the Legislature would then be vested with the constitutional power to change every rule of practice and procedure adopted by this Court because under the dissenting analysis, the procedural aspects of such a statute would always be deemed "incidental" based upon prefatory language which purportedly renders the statute "substantive." Moreover, even though the dissent disputes our conclusion, it is quite apparent that under the analysis of the dissent, should the statute conflict with a rule of procedure, it is the rule that would be unconstitutionalregardless of how many procedural requirements the statute implements under the guise of a substantive enactment. See generally dissenting op. at 949 ("To the extent the `substantive' report requirement itself conflicts with a procedural rule, it is the rule, not the statute, that is invalid." (internal quotation marks supplied)). This approach is contrary to both Raymond and Knealing. Use of such a reversed standard to determine whether a statute is substantive or procedural would vest the Legislature with the power to eviscerate all rulemaking powers constitutionally entrusted to this Court. We decline to endorse an analysis that would effectively authorize one branch of government to subsume the powers of a coequal and independent branch through the use of prefatory words.
[6] Although the dissent contends that section 57.071(2) does not conflict with Florida Rule of Civil Procedure 1.280(b)(4) because the statute and the rule "apply in different contexts," see dissenting op. at 951, a review of the statute reveals that this distinction is illusory. The dissent does not acknowledge that the purpose behind the statute is to improve the exchange of discovery information between the parties. Since rules of procedure are already in place to accomplish the exchange of this same information, it is misdirected to conclude that a statute which renders an award of expert fees contingent upon compliance with a discovery-based report requirement is substantive. Moreover, the discretionary time limit for filing the report is linked to other aspects of the discovery processi.e., the dates of the expert depositions and the discovery cutoff date. Thus, contrary to the dissent's assertion, which imposes artificially rigid distinctions on processes which ultimately accomplish the same goal, section 57.071(2) clearly applies to the discovery process, and this statute constitutes a thinly cloaked attempt to amend the process by tying that which is clearly a procedural report requirement to a long-established substantive right which was created in another statute. Consistent with our holding that this requirement is purely procedural, we also note that under federal law, the report requirement for expert witnesses is located in the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 26(a)(2)(b).
[7] The statute has not been amended since 1999.
[8] I recognize, as the majority notes, see majority op. at 942, that chapter 99-225 includes a section (34) requesting that if a provision is found to be an encroachment on the judiciary, it be construed as a request for a rule change. Ch. 99-225, § 34, at 1428, Laws of Fla. The Legislature included a similar provision in the "Asbestos and Silica Compensation Fairness Act." Ch. 2005-274, § 9, Laws of Fla.; § 774.209(3), Fla. Stat. (2007) ("[I]f the Florida Supreme Court enters a final judgment concluding or declaring that any provision of this act improperly encroaches on the authority of the court to adopt the rules of practice and procedure in the courts of this state, the Legislature intends that any such provision be construed as a request for a rule change. . . ."). However, I disagree with the majority's implication that this provision "questioned" the constitutionality of these statutes. Majority op. at 942. Instead, the Legislature's stated purpose was to "accord the utmost comity and respect to the constitutional prerogatives of Florida's judiciary." Ch. 99-225, § 34; see also § 774.209(3), Fla. Stat. (2007). The majority's conclusion is, again, contrary to the requirement that we assume the Legislature intended a valid enactment. See A.B.A. Indus., Inc., 366 So.2d at 763. To the extent the majority relies on a legislative staff analysis to conclude otherwise, I submit, as I have before, that such analyses, written by unelected staff members, "add nothing to an investigation of legislative intent." Am. Home Assurance Co. v. Plaza Materials Corp., 908 So.2d 360, 376 (Fla. 2005) (Cantero, J., concurring in part and dissenting in part); see also Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc., 948 So.2d 599, 609 (Fla.2006) (Cantero, J., specially concurring) (same). Further, as the majority acknowledges, the expert report requirement is in section six of an act containing thirty-six sections "relating to civil actions." Ch. 99-225, Laws of Fla.; see also State v. Fla. Consumer Action Network, 830 So.2d 148, 150 & n. 1 (Fla. 1st DCA 2002) (describing chapter 99-225 as "a comprehensive bill addressing multiple aspects of civil litigation" including "extensive revisions to Florida's tort system"). Thus, even if section 34 could be interpreted as an indication that the Legislature entertained doubts about the constitutionality of one or more of the provisions in chapter 99-225, there is no way to determine whether the expert report requirement is one of them.
[9] Federal Rule of Civil Procedure 26(a)(2), requiring disclosure of an expert report in addition to the identity of the expert, is likewise unrelated to costs. Fed.R.Civ.P. 26 ("Duty to Disclose; General Provisions Governing Discovery"). In federal courts, as in Florida, taxation of expert witness fees is governed by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C § 1821 and § 1920"), superseded on other grounds by 42 U.S.C. § 1988(c); see also 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."); 28 U.S.C. § 1920(6) (providing that "[a] judge or clerk of any court of the United States may tax as costs" the "[c]ompensation of court appointed experts").