PER CURIAM.
The State appeals from a final county court order declaring section 316.1905(3)(b), Florida Statutes (2011), unconstitutional as an infringement upon the supreme court’s authority to promulgate procedural law. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A) and section 26.012(1), Florida Statutes, and reverse the order on appeal.
*611 Section 316.1905(S)(b) creates a rebutta-ble presumption that a speed measuring device used by law enforcement to determine a motor vehicle’s speed was timely tested and working properly upon the production of a certificate to that effect. The county court struck the statute because it was bound by an earlier circuit court appellate opinion holding the statute unconstitutional as a procedural provision that had not been adopted by the supreme court.
As explained in Massey v. David, 979 So.2d 931 (Fla.2008):
[Wjhere a statute contains some procedural aspects, but those provisions are so intimately intertwined with the substantive rights created by the statute, that statute will not impermissibly intrude on the practice and procedure of the courts in a constitutional sense, causing a constitutional challenge to fail.
Id. at 937 (citing Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 54 (Fla.2000) and State v. Raymond, 906 So.2d 1045, 1049 (Fla.2005)). Although 316.1905(3)(b) does appear to be a procedural presumption affecting the burden of production, see Massey, 979 So.2d at 936-37, we agree with the State that this provision is intimately intertwined with the legislature’s substantive enactments regulating the conduct of motorists on the state’s streets and highways. Cf. In re Commitment of Cartwright, 870 So.2d 152, 162 (Fla. 2d DCA 2004), rev. denied, 914 So.2d 952 (Fla.2005) (upholding section 394.9155(5), Florida Statutes, which allows the state to present hearsay evidence in civil commitment proceedings under the Jimmy Ryce Act, based upon finding that this provision was intimately intertwined with substan-five provisions of the Jimmy Ryce Act and concluding that “[i]nvalidation of the legislative provision permitting the consideration of reliable hearsay evidence in Ryce Act proceedings would fundamentally alter the nature of those proceedings and disrupt the substantive statutory scheme established by the legislature for the civil commitment of sexually violent predators”).
In upholding section 316.1905(3)(b), we also note that the rebuttable presumption created by that section does not conflict with any existing procedural rule adopted by the supreme court. See Looney v. State, 803 So.2d 656, 676 (Fla.2001) (rejecting separation of powers challenge to statute creating procedural requirement allowing the admission of victim impact evidence in connection with death penalty sentencing hearings where the court “had promulgated no rule or procedure governing the admissibility of victim impact evidence at the time of the Legislature’s enactment (or at any time since)”).[1]
Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SAWAYA, PALMER and LAWSON, JJ., concur.

. We agree with the State's assertion that 316.1905(3)(b) merely creates an evidentiary presumption that a speed measuring device was tested and working properly after the certificate is “produced"; it does not also allow the admission of a testing certificate without first establishing admissibility under a hearsay exception.